MARSHALL and KILPATRICK, Respondents, *v.* THE THAMES FIRE INSURANCE COMPANY, Appellant.

1. *Practice, Civil — Pleadings — Immaterial averments, need not be denied.—* An immaterial averment of plaintiff's petition need not be denied, but a material averment must be, else it will be taken as confessed. In an action upon one of several insurance policies on a steamboat, the averment that she was worth more than all the insurance thereon is a material averment, and, if not denied in the answer, stands admitted.

2. *Practice, Civil — Pleadings — Instructions, must be taken together.—* In considering instructions given by the court, they must all be taken and construed together; and if they harmonize, and assert no inconsistent principle of law by which the minds of the jury could have been misled, they cannot be declared erroneous.

3. *Practice, Civil — Evidence—Verdict—Weight of evidence in civil and criminal cases.—* In all civil cases, it is the duty of the jury to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth; and such an instruction is proper in an action by steamboat owners on a policy of fire insurance, when the issue raised by the answer is whether plaintiffs caused the burning of the vessel.

*Appeal from St. Louis Circuit Court.*

The steamboat Magnolia was insured in the month of December, 1865, and was destroyed by fire during the night of the 13th or 14th of June, 1866; and this is one of a number of suits brought by her owners against various insurance companies on policies of insurance on the steamer. The facts pertinent to the issues of law decided may be gathered from the opinion of the court.

*Gantt, Knox,* and *Rankin,* for appellant.

*Sharp & Broadhead,* and *Glover & Shepley,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

Notwithstanding the voluminous record in this case, the real matter in controversy may be compressed within a very small compass. The issues framed by the parties made the result turn purely on questions of fact; and if there was no misdirection by the court, or error in its ruling, the finding of the jury cannot be disturbed. The petition alleged that by the policy of insurance

the boat was valued at one hundred and sixty thousand dollars, and that at the time of its loss or destruction by fire it was of the value of one hundred and twenty-five thousand dollars, and more than all the insurance thereon. The defendant, in its answer, did not controvert this allegation, but averred as matter of defense that the burning of the said steamboat Magnolia, the boat described in the petition, was occasioned, caused, and brought about by the direct agency, procurement, contrivance, and direction of Marshall and Kilpatrick, the plaintiffs. The whole defense was distinctly staked upon that issue, giving the defendant the affirmative; and all material allegations in the petition, which were well pleaded, stood admitted. The question of pleading is of essential importance in view of the instruction of the court, which will presently be adverted to. It may not be easy to define on all occasions what are material averments in a petition. An immaterial averment need not be denied, but a material one must be, else it will be taken as confessed. The practice act requires that the plaintiff shall make in his petition a plain and concise statement of the facts constituting his cause of action; and when issue is intended to be joined upon those facts, the answer of the defendant must contain a special denial of each material allegation. Under the common-law system of pleading, if the joinder was on an immaterial issue, the court would award a repleader.

The allegation that the boat was worth one hundred and twenty-five thousand dollars was immaterial, and required no denial. But is the same true of the further averment that she was worth "more than all the insurance thereon?" The statement was of consequence, because there was other insurance on the boat besides the policy of the defendant, and it became necessary to show the relation which the value of the boat bore to the amount of insurance. For if the amount of insurance was greater than the value, the plaintiffs could only recover in the proportion that the value bore to the boat. The instruction complained of told the jury "that it stands admitted by the pleadings in the case that the value of the steamboat Magnolia, at the time of the fire which destroyed her, was greater than the whole amount for which she was insured."

I have no doubt about the correctness of the instruction. The allegation was, in substance, that the boat was worth more than the whole amount for which she was insured; and had there been a denial interposed — if the plaintiffs had not proved the truth of the statement, or it had been proved to be untrue — no recovery could have followed, except for the proportional part which they might have shown themselves entitled to.

The other instruction given for the plaintiffs was to the effect that it devolved on the defendant to prove to the satisfaction of the jury that Marshall and Kilpatrick, the plaintiffs, or one of them, burned the steamboat "Magnolia," or that they, or one of them, caused the said boat to be burned. This was objected to by the defendant, and the objection is based solely on the assumption that the word "satisfaction" required a higher degree of proof than the circumstances of the case would warrant. I will consider this objection in connection with the two instructions given for the defendant.

The first instruction given for the defendant is an unusually long one, and demands with great particularity, and, I may also add with precision, the rule of law relating to circumstantial evidence and its effect, and points out the difference between what will warrant a verdict in criminal and civil cases. It is as follows:

"The jury are instructed that the only issue submitted to them is, was the burning of the steamboat Magnolia occasioned, caused, and brought about by the direct agency, contrivance, and direction of the plaintiffs, Marshall and Kilpatrick? In determining this issue the jury must take into account every fact and every incident connected with the burning, as detailed in the evidence admitted by the court, and decide according to what they consider the most probable conclusion from that evidence."

The instruction then gives the rule which obtains and governs in criminal cases, and in almost the identical language of the law writers, which is not necessary to be here copied, and concludes thus:

"But in civil cases, if the jury be of the opinion, from the evidence, that the probabilities preponderate in favor of a particular conclusion, they must find accordingly. And if in this

Marshall et al. v. The Thames Fire Ins. Co.

case the jury be of opinion, from the evidence, that it is more probable that the burning of the Magnolia was brought about by the procurement of the plaintiffs than that they were innocent of it, they must find the issue for the defendant."

The second instruction was :

" The jury is further instructed that if they believe from the evidence that the Magnolia was burned by any person or persons employed for that purpose by the plaintiffs, then the burning of said steamboat Magnolia was occasioned, caused, and brought about by the direct agency, contrivance, and direction of the plaintiffs, Marshall and Kilpatrick."

In considering instructions given by the court, they must be all taken and construed together ; and if they harmonize, and assert no inconsistent principle of law by which the minds of the jury could have been misled, they cannot be declared erroneous. It is believed that it is the constant habit in this State to instruct juries that they must be satisfied, or that certain facts must be proved to their satisfaction. This is usually accompanied with language informing them that a preponderance of evidence is sufficient in civil cases, but that they must be satisfied beyond a reasonable doubt in criminal cases. In all civil cases it is the duty of the jury to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth. Taking the two instructions together, they simply say to the jury that if they are satisfied from the evidence that it is more probable that the burning of the Magnolia was brought about by the procurement of the plaintiffs than that they are innocent of it, they must find for the defendant. This, I think, was a perfectly unexceptionable presentation of the law, and was sufficiently favorable to the defendant.

I see no error committed by the court in excluding evidence which substantially prejudiced the defendant's cause, or which would justify a reversal. The conversation between Susan Moore and Martha Parris concerning Holmes was rightly ruled out. That part of the answer of Captain Brown which stated that he would not have recommended the Atlantic & Mississippi River Steamship Company to give more than $60,000 for the Magnolia

38—VOL. XLIII.

was properly excluded. What the witness would have been willing to give for her for a certain purpose, or what he would have recommended a company to give for her, was no test or criterion of value. They may not have wanted boats of her description, or they may have been engaged in a trade where it was not profitable to employ boats worth more than a certain amount. Therefore, the only true question was as to her marketable value, and the witness had previously given his opinion as to that.

The testimony of Cable, which was ruled out, was clearly inadmissible. It purported to give his opinion in a case where evidence of opinion was not allowable, and the conversations of the officers which he detailed could not be made to affect the owners. It is not deemed necessary to notice further the objections raised. Upon the whole case we have found nothing calling for interference. As no errors of law are discovered, we have no right to invade the province of the jury and question the verdict. With the concurrence of the other judges, the judgment will be affirmed.