STATE OF MISSOURI ex rel. MARIA FLEMING,
   Plaintiff in Error, v. JOSEPH J. HENDERSON et al.,
   Defendants in Error.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Pleading:** UNCONTROVERTED ALLEGATION: INSTRUC-
   TIONS.  In an action on a sheriff's bond for unlawful seizing the
   relator's property under an execution against a third party, where
   the answer fails to deny the relator's title, instructions submitt-
   ing the question of ownership to the jury are improper, since
   every material allegation of the petition not converted by the
   answer must be taken as confessed.

2. **Evidence:** TITLE OF PROPERTY: DECLARATIONS: PLEAD-
   ING.  Where the pleading admitted title in the plaintiff, evidence
   of declarations by third parties as to the ownership of the prop-
   erty are immaterial and the jury should be instructed that the
   plaintiff is not bound thereby.

3. ——: ——: ——: ——.  If the title of the plaintiff be
   controverted his declarations against his title would be admissible
   as also the declarations of a third party in favor of his title, and
   against plaintiff's, if made in the presence of the latter—as well
   as every circumstance tending to prove or disprove fraud in the
   acquisition of the plaintiff's title.

4. **Principal and Agent:** PROOF OF AGENCY: DECLARATIONS.
   An agency can not be established by the declarations and conduct
   of the alleged agent unless there be other independent evidence;
   but it may be established by the agent himself.

State ex rel. v. Henderson.

Error to the Cole Circuit Court.—*Hon. T. B. Robinson,* Judge.

REVERSED AND REMANDED.

*Pope & Belch* for plaintiff in error.

(1) In this case relator made claim to property levied on as required by section 4927, Revised Statutes 1889. Sheriff ignored the claim, failed to give notice to execution creditor or take bond as required. He did not attempt a compliance with statutes. Relator sues for failure to comply with statute; defendants give no excuse for not doing so. Under these circumstances relator was entitled to judgment, and the instructions given at defendant's instance was error. The claim of relator, *ipso facto,* arrested the execution. R. S. 1899, secs. 4927, 4928; Houx v. Shaw, 18 Mo. App. 45, 50, 51. (2) While the cases cited below are not exactly in point, by analogy, they decide that relator was entitled to a trial of rights of property as provided by sections 3183, 3184, Revised Statutes 1899, and having elected to pursue that remedy, the sheriff was in default in ignoring her claim. Stevens v. Springer, 23 Mo. App. 375; State ex rel. v. McBride, 81 Mo. 354; Williamson v. Bank, 69 Mo. App. 368; McGregor v. Hampton, 70 Mo. App. 98, 103; Bradley v. Holloway, 28 Mo. 150; Potter v. Everett, 40 Mo. App. 157. (3) Defendants do not deny allegations in plaintiff's petition, and the same stands admitted. Wright v. Butler, 64 Mo. 165; Campbell v. Railroad, 16 Mo. App. 553; Moore v. Sauborin, 42 Mo. 490; State ex rel. v. Maloney, 113 Mo. 367; McCord v. Railroad, 21 Mo. App. 92; Rand v. Grubbs, 26 Mo. App. 591; Lee v. Casey, 39 Mo. 383; Emroy v. Phillips, 22 Mo. 499. (4) The court should have given instruction number 6 as asked by relator. Defendant can not

avail himself of a defense not pleaded.   Russell v. Whitely, 59
Mo. 196; Thomas v. Van Doren, 6 Mo. 201; Edmunds v.
Railroad, 3 Mo. App. 603; Snyder v. Free, 114 Mo. 360.
(5) No agency proven—can not prove agency by the agent.
Erroneous to put to the jury, hypothetically, facts of which
there is no evidence.   Craighead v. Wells, 21 Mo. 405; Diel v.
Railway, 37 Mo. App. 454; Farrar v. Kramer, 5 Mo. App.
167; Bank v. Leyser, 116 Mo. 51.

*Edwards & Edwards* for respondent.

(1) Whether the court gave instructions 2, 3, 4 and 5
asked by appellant, is not shown by the record, and the modifi-
cation of numbers 1 and 6 were not such modifications affect-
ing the instructions.   The fact that the sheriff sold the prop-
erty after receiving notice of Mrs. Fleming's claim can not
affect this case; he went to trial on the issue, whether the prop-
erty belonged to Mrs. Fleming or to her son, W. J. Fleming,
never demanding a trial of the right of property, if he has such
right, and it is too late to make that defense here.   William-
son v. Bank of Curryville, 69 Mo. App. 368.   (2) The claim-
ant in this case failed to give a bond as required by section
3183, and having failed to do so, there was nothing for the
court to try under that section.   (3) And whether this is true
or not, plaintiff and defendant having voluntarily selected
this mode of procedure, that is, whether the property belonged
to the claimant or the defendant in the execution thereby aban-
dond the statutory right if any plaintiff has, and can not be
heard to complain now.   It is too late.   Holland v. Depriest,
56 Mo. App. 513.   (4) Instruction number 6 refused was an
attempt upon the part of the plaintiff to get an advantage be-
fore the jury, and the court to further carry out their scheme
and take from the defendant that which justly belonged to him,

and if refused, was right.    (5) If an agent make a statement concerning the business of his principal, or about the owner-ship of property of his principal, or any other matter within the scope of his agency, the principal is bound by it unless upon being informed of the statement so made, he immediately repudiates the same.    This is not only law but common sense and common justice.    (6) The case in 116 Mo. 51, in regard to the proof of agency, has no reference to the proof of agency by the agent himself, but it was proposed in that case to prove agency by the statement made by the agent to some other per-son, and because it was hearsay evidence, and not because it was attempted to prove the agency by the agent.    City of Cape Girardeau v. Fisher, 61 Mo. App. 509.    This point bottom p. 511.    Deane v. Green, 31 Mo. App. 269, this point bottom of p. 271.

SMITH, P. J.—The defendant was at the time herein-after mentioned sheriff of Cole county, and the other defendant was surety on his official bond as such sheriff.    This is an action by the relator against said sheriff and his surety to re-cover damages on account of an alleged breach of the conditions of said official bond.

It is alleged in the petition, amongst other things, that the defendant sheriff had in his hands an execution in favor of I. N. Enloe and against W. J. Fleming; that defendant sheriff on September 1, 1899, levied said execution upon and took from the possession of relator a certain horse and buggy which was the property of the relator and not the property of the execu-tion defendant, nor had he any interest therein, and which was of the value of three hundred and sixty dollars; that on the next day after said levy the relator, in writing verified by affidavit, claimed the said property so levied upon and in such claim notified the defendant sheriff that said property was hers and that the said execution defendant had no right or title

thereto; that said defendant sheriff refused to abandon said levy and release said property or to return it to her, but on the contrary retained and sold it under said execution and thereby deprived the relator of the use and value thereof, to her damage, etc.

The answer of the defendant the Fidelity and Deposit Company was a general denial; and that of the defendant sheriff was as follows:.

"Asserts that an execution issued from the circuit court of Cole county and was placed in the hands of the defendant to execute; that it was legal and in proper form as defendant was advised and believed, and under the said execution, by direction of plaintiff's attorney, he seized and levied upon the property mentioned in the plaintiff's petition, and that after having given due notice, under the law and having been advised and informed by the said W. J. Fleming, against whom said judgment was rendered, in favor of the said I. N. Enloe, that the property was his, he advertised and sold said property and the same was bid in by one D. C. Weatherby, who, as defendant is informed and believes, was acting for and on behalf of the defendant in said execution and afterwards the said Weatherby paid to the attorney for I. N. Enloe, the execution creditor, the amount so bid by him and then and there demanded of said attorneys that they give the judgment upon which said execution was issued in favor of I. N. Enloe and against W. J. Fleming, credit for the same, which said defendant is informed was duly complied with by the said attorneys of Enloe.

"And said defendant further denies that he has committed any breach of his said bond, but on the contrary, alleges that he has acted in good faith in the whole proceeding, and that if he has not complied with his duties or has committed any breach of his bond, which he denies, it has been occasioned by the act of the defendant in said execution, said W. J. Fleming, and the agent of plaintiff, the said Maria L. Fleming, and having

fully answered herein, prays to be discharged with his costs."

The court at the instance of the defendant sheriff, over the objections of the relator, gave the following instructions:

"If the jury believe from the evidence that Joseph J. Henderson, sheriff of Cole county, had in his hands as such sheriff an execution, legal on its face, under the statutes of this State in favor of one I. N. Enloe and against W. J. Fleming, unsatisfied, and under and by virtue of said execution, issued from the office of the clerk of the circuit court of Cole county, Missouri, in due and legal form, he levied upon and seized the property described in the petition to satisfy said execution, and that he afterwards advertised said property in the manner required by law and sold the same, and said property was the property of the said W. J. Fleming, to-wit, the horse and runabout buggy; and after selling the same and receiving the pay therefor, duly credited said execution with the amount received at said sale, then the plaintiff can not recover in this action and the verdict must be for the defendants.

"The jury are further instructed that possession of personal property implies ownership, and if the said W. J. Fleming was in possession of said property, exercising acts of ownership and stating that he purchased the property and that the same belong to him, and the sheriff found said property so in his possession, and acted upon the statements made to him by said W. J. Fleming; the plaintiff knew that he was using said property and had it at the livery stable using it as his own, and claiming it as his own, and made no objection to his conduct in relation to said property, these are circumstances which the jury may take into consideration in determining the ownership of said property."

The relator, who was unsuccessful in the court below and who has brought the cause here by a writ of error, assails the judgment on several grounds, the first of which is that the

defendant's instructions were improper and erroneous under the pleadings.

It will be seen by recurring to the separate answer of the defendant sheriff that not a single material allegation of the relator's petition is controverted by it. Neither are the allegations of the petition as to the taking of the said property from the possession of relator nor as to the relator's ownership or value thereof, nor that to the effect that relator in writing, verified by affidavit, claimed the said property so levied upon and notified the defendant sheriff that said property was hers and that the execution defendant had no title or interest therein, etc.; nor that to the further effect that defendant sheriff refused to abandon and release said levy or return the property to relator nor to the still further effect that he sold said property and thereby deprived the relator of the use and value thereof to her damage in the sum alleged, expressly or impliedly controverted by said answer. These allegations of fact, though nowhere controverted by the answer of defendant sheriff, constituted the very gist and foundation of the action, and without which there was no cause of action stated.

The petition, while somewhat inartistic in form, sufficiently alleges a cause of action—a conversion of the property. Houx v. Shaw, 18 Mo. App. 45; State v. McBride, 81 Mo. 354. Our code of civil procedure provides that, "every material allegation of the petition not controverted by the answer * * * shall for the purposes of the action be taken as true." R. S. 1889, sec. 2073. And so it has been frequently ruled in this state that material allegations in a petition if not denied will be taken as confessed. Marshall v. Ins. Co., 43 Mo. 586; Bartholow v. Campbell, 56 Mo. 117; State v. Brooks, 99 Mo. 137. And so, too, it has been held that if the amount of the damage sustained is set forth in the petition such statement will be regarded as admitted unless denied by the answer. Hotel Co. v. Sauer, 65 Mo. 279. There was no issue made by

the petition and separate answer of the defendant sheriff as to the ownership of the property. The relator's ownership of the property at the time of the seizure and sale under the execution was a fact that stood admitted by the answer of the defendant sheriff. The instructions given for defendants which submitted to the jury as an issue of fact the ownership of the property, when such fact was not controverted but admitted by the answer of the defendant sheriff, was clearly misleading and prejudicial to the relator and should not have been given.

The instruction number six requested by the relator to the effect that she was not bound by the statements made by the witnesses Weatherby and Fleming as to the ownership of the property, and that such statements did not in any way affect her title, was proper under the state of the pleadings which admitted her ownership and title. The witness W. J. Fleming was the son of the relator and execution defendant and his declarations to different parties in respect to the ownership of the property were, over the objection of the relator, permitted to be proven by a number of witnesses; and the same is true as to the declarations of Weatherby, a son-in-law of the relator. Under the pleadings this was improper. It may be remarked incidentally that it is quite difficult to understand how a title to the property as against relator could be built up in the execution defendant by either his independent declarations or those of Weatherby. If it had been the admissions of the relator in respect to the ownership that was sought to be proven we could see the pertinency and bearing of such evidence had the ownership been in issue.

The declarations of a party in possession of personal property against his title are admissible. Diel v. Stegner, 56 Mo. App. 536, and cases there cited. If the answer of the defendant sheriff had contained a general denial or a special denial of the relator's ownership, it would no doubt have been proper for him to have shown the declarations of the relator against her

title and those of the execution defendant in favor of his title and against hers if made in her presence and assented to by her and, indeed, every fact and circumstance tending to prove fraud in the acquisition of the relator's title or that tended to disprove it, or that the ownership and right of possession was in the execution defendant.    Thomas v. Ramsey, 47 Mo. App. 84, and cases there cited.

Some point is made as to the manner of proving an agency.    It is needless to say that the rule is well settled everywhere that an agency can not be established by proof of the declarations and conduct of the alleged agent until some independent evidence has been introduced tending to establish the agency.    And it is equally well settled that an agency like any other fact may be established by the testimony of the agent himself.    Cape Girardeau v. Fisher, 61 Mo. App. loc. cit. 511.

For the errors hereinbefore mentioned the judgment must be reversed and cause remanded.    All concur.