(89 App. Div. 286.)

LYNCH v. BUSH CO., Limited.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS.
    In an action for injuries to an employé *held*, that the negligence of the foreman was the negligence of plaintiff's fellow servant, and that plaintiff was therefore not entitled to recover.
    Hirschberg and Hooker, JJ., dissenting.

Appeal from Trial Court, Kings County.

Action by John F. Lynch against the Bush Company, Limited. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Abram H. Dailey (Melville J. France, on the brief), for appellant.
L. Sidney Carrere, for respondent.

WOODWARD, J. John F. Lynch, the plaintiff in this action, commenced working for the defendant on the 1st day of April, 1901, as a longshoreman or common laborer, and on the following morning he was set at work with others in hoisting bales of licorice, weighing

¶ 1. See Master and Servant, vol. 34, Cent. §§ 427, 449, 450, 452.

350 to 400 pounds, into a third-story window of the defendant's storehouse. It appears that the hoisting was done by means of a rope passing through a pulley and operated by electricity, and it was the duty of Lynch to stand below the pulley block, and as the hooks came down he attached them to two bales of the licorice, and they were then hoisted to a window about seven feet wide on the third floor, where they were drawn in, stood upon end, and by others carried upon hand trucks to be piled away in the interior of the building. The window ledge of the building is of stone, and the defendant had provided a stick of timber about 12 inches square, which was placed over the window sill and firmly wedged and braced into its position, so that it would not fall out. By the use of this contrivance the stone ledge was not only protected, but it was easier for the men at the window to turn the bales and land them upon end inside the window, where they could be conveniently handled. It appears, however, that this timber was not quite high enough to accomplish its purposes with the greatest of ease to the men engaged in the work, and they had been in the habit of nailing an extra piece on top of the timber when handling large bales. Some time prior to the plaintiff engaging in this work the defendant's foreman had found a piece of board or timber on an upper floor of the defendant's warehouse, and had nailed the same on top of the timber supplied by the defendant, and which is conceded to have been safe and reasonably adapted to the purpose for which it was designed, and with things in this condition the plaintiff went to work as above described. He worked during the forenoon, and during the afternoon one Callahan, who was engaged in drawing the bales at the window in company with one Feeney, defendant's foreman, discovered that the smaller timber had worked loose. He spoke to the foreman, Feeney, about it, and the latter sent for a man to come and nail the piece down, and continued to forward the work. Before the man arrived to nail the piece in place, and while one of the bales was being dragged in at the window, it came in contact with the loosened timber, and it fell, striking the plaintiff upon the head, and producing the injuries for which recovery is sought in this action. The plaintiff was nonsuited upon motion of the defendant, and upon this appeal is entitled to the benefit of all the facts and inferences which a jury might properly draw from the evidence most favorable to his contention. Eastland v. Clarke, 165 N. Y. 420, 425, 59 N. E. 202, and authorities there cited. We are, however, unable to discover anything in the facts which may be said to have been established which are sufficient to charge the defendant with negligence. Assuming that the defendant was so far aware of the custom of putting on this extra piece of timber that it was its duty to see that it was reasonably safe for the purposes for which it was used, the undisputed evidence shows that it had been used all of the forenoon without danger. There is no evidence that any one had ever before been injured by such an accident. There is no evidence of any lack of reasonable care in nailing the timber to the solid foundation provided by the defendant, and the only negligence which the evidence discloses is that of the foreman, a fellow employé, who, on his attention being called to the fact that the piece of timber was loose, continued to operate

the elevating apparatus. Here was the negligence which directly produced the plaintiff's injury. The contrivance was reasonably safe for the plaintiff when properly nailed in place, and there is no evidence to show that it was not so nailed in the morning when the plaintiff went to work. The fact that it may have worked loose during the day was not more obvious to the defendant than to the plaintiff, and the fact that its dangerous condition was discovered in time to have prevented the accident by the exercise of reasonable care on the part of a fellow servant does not charge the master with negligence for which he can be made liable here. The place afforded him in which to work was, in the absence of negligence on the part of Feeney, as safe as the nature of the employment would permit, and it would be grossly unjust to hold the defendant liable for this injury.

The judgment appealed from should be affirmed, with costs.

HIRSCHBERG and HOOKER, JJ., dissent.