## DOLAN v. NEW YORK SANITARY UTILIZATION CO.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

**1. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE WALKS—NEGLIGENCE.**

In an action for injuries to an employé, evidence *held* insufficient to establish the defectiveness of the walk by which plaintiff was injured for such length of time as to charge defendant with negligence.

**2. SAME—APPEAL.**

Where, in an action for injuries to a servant, the court charged that the doctrine of res ipsa loquitur had no application to the case, such instruction must be deemed correct on defendant's appeal.

Appeal from Trial Term, Kings County.

Action by Andrew Dolan against the New York Sanitary Utilization Company.   From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Fred. E. Fishel, for appellant.

Conrad Saxe Keyes, for respondent.

HIRSCHBERG, P. J.   The plaintiff was injured while working for the defendant at its plant on Barren Island.   He was engaged at 2 o'clock in the afternoon dipping boiling grease from vats which were sunk to nearly the level of the ground.   Around the vats, and level with them, or practically so, was a board walk, and he claims that one of the boards turned and threw him into a vat.   The walk was the width of three or four ordinary planks, and was laid upon the sand; the boards being nailed down in some manner not clearly disclosed.   There was evidence given in the defendant's behalf that the portion of the walk where the accident happened was found immediately afterwards to be in good condition, with no loose or shaky board, and its theory of the occurrence was that the plaintiff slipped in consequence of the greasy condition of the walk; but the verdict must be assumed to be based upon a finding favorable to the plaintiff in that respect, and to support his contention that one of the boards was loose, so that it could and did turn under him.

The case, however, is without evidence sufficiently establishing

negligence on the defendant's part. "The ordinary rule is that the servant must show that the machinery or appliance which caused the accident was defective or out of repair, and that this condition existed for such a length of time that, if the master had performed his duty of inspection, it would have been discovered and remedied." Starer v. Stern, 100 App. Div. 393, 398, 91 N. Y. Supp. 821, 825. The plaintiff had worked for the defendant at this plant three years or more, going over the walk every week, and he saw nothing to indicate an unusual or dangerous condition prior to the occurrence of which he complains. For all that appears, the plank may have become loosened on the afternoon in question. As was said in Lynch v. Bush Company, Limited, 89 App. Div. 286, 288, 85 N. Y. Supp. 905, 907: "The contrivance was reasonably safe for the plaintiff when properly nailed in place, and there is no evidence to show that it was not so nailed in the morning when the plaintiff went to work." After both sides had rested, and the plaintiff's case was being heard in rebuttal, he recalled a former fellow workman, who then testified that he had a conversation with the defendant's assistant superintendent "maybe a month or two or three months" before the accident, and that he (the witness) then told him (referring to the planks constituting the walk) that "them things was in a serious condition." This witness, when examined on the plaintiff's main case, testified that after the accident he found the plank loose where it is assumed the plaintiff fell, but that he had not noticed "this shaky condition" before the accident occurred. His evidence is all there is in the record tending to charge the defendant with notice. It has obviously no definite relation to the condition of the particular plank which did the mischief, and, taken as a whole, is unconvincing and unsatisfactory. He used the plank walk himself while in the defendant's employ, and was apparently unable to specify any particular in which he found it to be out of order before the plaintiff's mishap.

The learned counsel for the respondent argues that the occurrence is itself prima facie proof of the defendant's negligence. The court charged the jury otherwise, viz., that the doctrine of res ipsa loquitur had no application to the case, and that view of the law must be deemed correct for the purposes of this appeal.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.