(156 App. Div. 369.)

## SCHLAPPENDORF v. AMERICAN RY. TRAFFIC CO.

(Supreme Court, Appellate Division, Second Department. April 30, 1913.)

1. MASTER AND SERVANT (§§ 124, 126*)—MASTER'S LIABILITY—MACHINERY AND APPLIANCES FOR WORK—TIME AND OPPORTUNITY FOR MAKING INSPECTION.

Where a servant was injured within an hour and a half after a fellow servant discovered the displacement of a clip on a cable and reported it to one whose notice was notice to the company, there was no want of diligence in inspection after the accident or in repair.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242, 253; Dec. Dig. §§ 124, 126.*]

2. MASTER AND SERVANT (§ 177*)—MASTER'S LIABILITY—NEGLIGENCE OF FELLOW SERVANT.

The negligence of a fellow servant in failing to discontinue work after development of a defect in the machinery is not the negligence of the master, where his continuing was without the master's authority or knowledge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 307, 352, 353; Dec. Dig. § 177.*]

3. MASTER AND SERVANT (§ 286*)—MASTER'S LIABILITY—QUESTION FOR JURY —WARNING OR STOPPING MACHINERY.

On evidence in a servant's action for injury from the dropping of a bucket, because of the displacement of a clip holding a cable by which it was operated, where no want of diligence in repair after the accident was shown, held, that whether the master, after notice of the defect, should have ordered the machinery to be stopped until after inspection, or, if necessary, until after repair, and whether he should have warned plaintiff that his continuance of the work subjected him to greater risk, were for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

Appeal from Trial Term, Kings County.

Action by Harry C. Schlappendorf against the American Railway Traffic Company. From a judgment of the Supreme Court, defendant appeals. Affirmed.

See, also, 149 App. Div. 959, 133 N. Y. Supp. 1143.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and STAPLETON, JJ.

James J. Mahoney, of New York City (M. J. Wright, of New York City, on the brief), for appellant.

Frederick N. Van Zandt, of New York City, for respondent.

JENKS, P. J. For a narrative of the casualty, reference is made to an opinion upon the first appeal, reported in 142 App. Div. 554, 127 N. Y. Supp. 44. The second trial produced additional evidence, which must be considered upon this appeal.

It is clearly established by the testimony of Plank that, after one of the clips became loose and displaced, the entire cable pulled out of the clamp, so that the bucket dropped on one side, and that the cable itself did not break. The proximate negligence of the defendant, if any, began at the time of the displacement of the clip. The testimo-

ny, particularly that of Bartholomew, the installing engineer, of Van Etten, defendant's superintendent, and of Gronbach, defendant's servant, who was in charge of inspection and repairs, justified the conclusions that this particular cable was equipped with two clips and practically as of original installation; that two clips, adjusted in relation to one another, afforded greater security against the slipping of the cable than one clip; that two clips were placed upon this cable in order to prevent it from such slipping, which had appeared in the cables of other plants of the defendant earlier installed with a clamp only; and that the cable, when thus equipped with clips, could not as a mechanical possibility slip. I think, then, that the jury could have concluded that the accident was due to the working of the machinery after the displacement of one clip.

[1] The continuance of work was the action of Plank, who the court charged, without exception, was the fellow servant of the plaintiff. The plaintiff was injured within so brief a time after Plank discovered the displacement of the clip and had communicated that fact to Burns—estimated from 40 minutes to an hour and a half—the jury would not have been justified in finding any fault of diligence in inspection after the accident, or in repair.

[2] There is no proof that Plank was authorized generally or specifically, much less ordered, to continue to work the machinery under such or similar conditions, and for aught that appears he did so without the knowledge, actual or imputable, of the defendant. If, then, the only negligence that could be determined was in the conduct of Plank in continuance of the work, such negligence is not that of the defendant. Lynch v. Bush Co., Limited, 89 App. Div. 286, 85 N. Y. Supp. 905, affirmed 180 N. Y. 547, 73 N. E. 1126.

[3] But the question remains whether the master, when notified of the defective condition of the machinery, should have done anything more than order inspection, with an eye to the necessity of repair or restoration. Should the master have ordered the machinery to be stopped until after such inspection, and, if necessary, until after the proper repair or restoration in order to make the machinery normal, or should the master in any event have warned the plaintiff that his continuance at the work subjected him to a greater risk, in that one of the clips, designed as security against the slipping of the cable, had become displaced? Labatt on Master and Servant, in section 112, says:

"But it seems inequitable and unreasonable to declare that the servant should always be the one to suffer, simply because the employer has been reasonably prompt in taking the necessary steps for the repair of the defective instrumentality. The true rule, it is submitted, is that the duty of the master under these circumstances is not, as a matter of law, fully discharged, unless he at least sees that the servant is notified of the danger to which he will be exposed while the abnormal conditions to which that danger is owing are being rectified."

And see, also, section 240, note 3, and cases cited.

We said in Franck v. American Tartar Co., 91 App. Div. 571, 87 N. Y. Supp. 219:

"But, in any event, it surely is not the law that, when the master is apprised of a defective place, he is not liable if he continues to offer it to the

servant, provided an accident happens before he can, with due diligence, make the place safe. I know of no such interval of immunity."

I think that these were questions for the determination of the jury.

I think that the court properly submitted to the jury the status of Burns, to whom Plank communicated the fact that the machinery was out of order, and, according to the testimony of Plank, the precise defect, and that the jury could have found that the notice given to Burns was sufficient to charge the defendant with notice of the temporary defect and the character thereof. There was no proof that the defendant after notification of the dislodgement, did anything save to notify its inspectors. The plaintiff testifies that he did not observe the defect at all, and that he was not warned in any way, but was permitted to continue in his work. This possible duty of the master was suggested by the learned court in its instructions.

I advise affirmance of the judgment, with costs. All concur.