FRANKLIN BANK, Respondent, v. INTERNATIONAL HOSPITAL EQUIPMENT COMPANY, J. D. DEAN and G. CARLANDER, Appellants.*

St. Louis Court of Appeals.    Opinion filed June 2, 1925.

1. **BILLS AND NOTES: Action on Note: Based on Promise to Pay: Not on Indebtedness.** An action on a promissory note is based on a promise to pay the legal holder as provided therein, and is not grounded on indebtedness but on a promise to pay.

2. ———: ———: **Failure to Prove Execution: Does Not Permit Recovery on Proof of Indebtedness: Variance.** The failure to prove the execution of a promissory note does not permit recovery on proof of indebtedness as there would be a variance between the pleadings and the evidence.

3. **CONTRACTS: Action on Debt: Not Proven by Introduction of Note: Variance.** An action on a debt is not proven by the introduction of a note, as in such case there would be a variance between the pleadings and the evidence.

4. **BILLS AND NOTES: Action on Note: Pleading: Denial of Indebtedness: Not General Denial.** In an action on a promissory note, mere denial of indebtedness does not, in view of sections 1256, 1380-1382, Revised Statutes 1919, constitute a general denial.

5. ———: ———: ———: ———: **Not Denial of Execution of Note.** In an action on a promissory note, a denial of indebtedness is not a denial of the execution of the note, as the promise to pay in the note and an indebtedness are not equivalent things.

6. ———: ———: ———: **General Denial: Not Under Oath: Not Denial of Execution of Note.** In an action on a promissory note, even though defendants' answer merely denying indebtedness constituted a general denial, where not under oath, as provided by section 1416, Revised Statutes 1919, it cannot act as the denial of the execution of the note.

7. ———: ———: ———: ———: **Affirmative Defenses: Cannot Be Proved Under General Denial.** Neither payment, want of consideration, the failure of consideration, nor any other affirmative defense, can be legally proven under a general denial.

8. ———: ———: **Consideration: Evidence: Not Incumbent on Plaintiff to Prove Value or Consideration.** Under section 2160, Revised Statutes 1919, in an action on a promissory note, it is not incumbent on plaintiff to prove value or consideration.

9. ———: ———: ———: ———: **Promissory Negotiable Note: Deemed Prima-Facie to Have Been Issued for Valuable Consideration.** Where a note sued on was promissory and negotiable, under section 811, Revised Statutes 1919, it is deemed prima facie to have been issued for valuable consideration, and every person whose signature appears thereon to have become a party thereto for value.

10. ———: ———: ———: ———: ———: **Plaintiff in Possession of Note: Execution Not Denied: Presumption.** In an action on a promissory note where the execution of the note is not denied and plaintiff is in possession of it, these facts carry with it the presumption that the note was delivered; that it was negotiable and that its execution and delivery imported that it was given for a valuable consideration.

11. ———: ———: ———: ———: **Burden of Proof.** Under sections 811 and 2160, Revised Statutes 1919, a promissory note imports a consideration and in an action on the note, the burden of proof is not on the plaintiff to prove value received.

12. ———: ———: **Pleading: Petition: Sufficiency.** In an action on a promissory note, the allegation in the petition that the note contained the words "value received" is not an allegation that the was given for value received, and hence the note as pleaded prima facie imports valuable consideration, and it was not incumbent on plaintiff to prove it.

13. **PLEADING: Action on Note: Answer: Insufficient: Effect.** In an action on a promissory note, where defendants' answer was insufficient the case stood as though defendants filed no pleading at all, and it amounts to a confession of the material allegations of the petition.

———————

*Headnotes 1. Bills and Notes, 8 C. J., Section 1069; 2. Bills and Notes, 8 C. J., Sections 1247, 1271; 3. Contracts, 13 C. J., Section 909 (Anno); 4. Bills and Notes, 8 C. J., Section 1195; 5. Bills and Notes, 8 C. J., Section 1210; 6. Bills and Notes, 8 C. J., Section 1211; 7. Bills and Notes, 8 C. J., pp. 966, Section 1265, 968, Section 1270; Pleading,

31 Cyc., p. 693; 8. Bills and Notes, 8 C. J., p. 995, Section 1299; 9. Bills and Notes, 8 C. J., pp. 990, 993, Section 1296; 10. Bills and Notes, 8 C. J., pp. 980, Section 1287 (Anno), 990, Section 1296, 1001, Section 1306; 11. Bills and Notes, 8 C. J., pp. 992, Section 1296, 995, Section 1299; 12. Bills and Notes, 8 C. J., pp. 958, Section 1247 (Anno), 992, Section 1296, 995, Section 1299; 13. Pleading, 31 Cyc., p. 209.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Franklin Miller,* Judge.

AFFIRMED.

*Hill & England* for appellants.

(1) The plaintiff having pleaded the endorsements of the note in question, it was the duty of the plaintiff to prove such endorsements and to transfer to it before it would be entitled to recover. Dunlap v. Kelly, 105 Mo. App. 1; National Bank v. Pennington, 42 Mo. App. 335; World v. Roberts, 58 Mo. App. 197; Mayer v. Old, 51 Mo. App. 214; Saville v. Hauffstetter, 63 Mo. App. 273; Robinson v. Powers, 63 Mo. App. 290. (2) The petition alleged that the note was given for "value received," and, having made such allegation, it was incumbent upon the plaintiff to prove such averment as a part of its right to recover against defendants, and the answer filed did not in any way excuse plaintiff from making such proof. Dunlap v. Kelly, supra; Jerome v. Whittney, 7 Johns 321. (3) Under the pleadings plaintiff was required to adduce evidence on matters of fact, and the court erred in entertaining the motion for judgment on the pleadings and in sustaining the same under the issues raised by the plaintiff's petition. Dunlap v. Kelly, supra. (4) The plaintiff being the endorsee of the note in action, the answer of defendants put in issue the plaintiff's title to said note, and the plaintiff was required to make proof of each endorsement pleaded before it would be entitled to recover against defendant. Dunlap v. Kelly, supra.

*Rassieur & Goodwin* for respondent.

(1)   A motion for judgment on the pleadings is not a demurrer and the ruling of the court in sustaining it cannot be reviewed without a motion for a new trial. Hodson v. McAnerny, 192 S. W. 423; Steinberg v. Levy, 159 Mo. 629; Leahy v. Mercantile Tr. Co., 247 S. W. 401; Coffey v. Carthage, 200 Mo. 629; Godfrey v. Godfrey, 228 Mo. 513; Railway v. Railway, 251 Mo. 717; Equitable etc. Co. v. Bank, 197 S. W. 117.   (2)   There was no motion for a new trial filed.   The motion filed was not to set aside the action of the court in sustaining the motion and grant a new hearing thereupon, but to set aside and vacate the judgment rendered, to disregard the motion for judgment on the pleadings, and to reinstate the cause for trial on the ground that the court had no jurisdiction to hear and determine the motion for judgment on the pleadings.   The offices of a motion in arrest of judgment are: (1)   To prevent the entry of judgment for plaintiff; (2)   To disregard the plaintiff's pleading; and (3)   To discharge the defendant from liability to respond to plaintiff's petition.   34 Corpus Juris, pp. 31-32 and 44; State ex rel. Bond v. Fisher, Judge, 230 Mo. 325, Ann. Cas. 1912A 970; Gilstrap v. Felts, 50 Mo. 428; Browning v. Powers, 442 Mo. 324; Stid v. Railroad, 211 Mo. 414-415.   It is not a motion for rehearing.   Stid v. Railway, supra; State ex rel. Bond v. Fisher, supra.   A motion in arrest is available where the court has no jurisdiction over the subject-matter.   34 C. J., p. 32, and cases cited in note 19.   As the above things were asked for (1) to prevent the entry of judgment on the motion, (2) to disregard the motion and (3) to discharge defendants from liability to respond to the motion on the ground that the court had no jurisdiction over the subject-matter, to-wit, "to entertain" the motion, and no rehearing was asked for, the motion filed called "a motion to set aside judgment" was a motion in arrest.   (3)   The filing of the motion in arrest waived any motion for a new

trial. McReynolds v. Anderson, 56 Mo. App. 398; 29 Cyc. 725. (4) The only question is whether the court had jurisdiction to hear and determine the motion for judgment on the pleadings. That the court had such jurisdiction is unquestionable. The power is inherent in the court. Smith v. St. Joseph, 45 Mo. 449; State ex rel. v. Simmons, 109 Mo. 118; Nelson v. Wallace, 48 Mo. App. 193; Emmert v. Meyer, 65 Mo. 609. (5) In whatever capacity defendant's motion be judged he is confined to the specifications of it. Polski v. City, 264 Mo. 458; Bridge v. Brewing Assn., 129 Mo. 343. This is not the claim defendant's assignments are too general (S. C. State ex rel. v. Reynolds, 278 Mo. 554), but that, no matter how general, consideration is confined to the scope of the general assignments. No new matter can now be heard. (6) There being no error in assuming jurisdiction the judgment must be affirmed. (7) There was no error in sustaining the motion for judgment on the pleadings. In absence of a denial or some motion, a demurrer or a plea of confession and avoidance, plaintiff was entitled to judgment. Secs. 1256, 1380, 1381, 1382, R. S. 1919; Granitoid Co. v. Cement Co., 169 Mo. App. 302; State ex rel. v. Henders, 86 Mo. App. 488. There was no general denial and therefore it was unnecessary to prove the validity of endorsements. Stid v. Railway, supra; State ex rel. Bond v. Fisher, supra; Dunlap v. Kelly, 105 Mo. App. 1; Meyer v. Old, 51 Mo. App. 214; World v. Roberts, 58 Mo. App. 197; Seville v. Huffstetter, 63 Mo. App. 273; Cavitt v. Tharp, 30 Mo. App. 134; Bank v. Johnson, 261 S. W. 705. There was no denial of execution. Hence that was unnecessary to prove. Sec. 1415, R. S. 1919; Hart v. Harrison Wire Co., 91 Mo. 442; Smith v. Rembaugh, 21 Mo. App. 390. There was no specific denial of endorsements, and hence it was unnecessary to prove them. Bank v. Johnson, supra; Robinson v. Powers, 63 Mo. App. 290; 8 Corpus Juris, sec. 1195, p. 910. There was no plea in confession and avoidance or any plea in the nature of a defense, neither of pay-

ment, want of consideration, release, or any other defense of that character. Therefore plaintiff was required to prove nothing. Smith v. Rembaugh, 21 Mo. App. 390. The only denial was that defendants "deny they are indebted to plaintiff as in said petition alleged." This is specific. Plaintiff did not sue for a debt, but upon a promissory note and a specific denial of indebtedness denied no allegation of the petition. Therefore the specific denial did not go to any allegation of the petition and the motion for judgment on the pleadings was properly sustained. Kinney v. Osborne, 14 Cal. 113; Spencer v. Turner, 49 Pac. 1012; Haggard v. Hay's Admr., 13 B. Mon. 175; Clark v. Finnell, 16 Mo. Mon. 335; Taylor v. Purcell, 31 S. W. 568; Callanan v. Williams, 32 N. W. 384; Hutchinson v. Bien, 93 N. Y. S. 217. (8) As to appellants' contentions in their assignments of error and brief. No issue of fact was raised as assigned by appellants. See Point 7, supra. As to the second assignment, that the note itself would not warrant a judgment, the note as pleaded was negotiable (secs. 788, 789 and 970, R. S. 1919); the defendants Dean and Carlander were indorsers (secs. 849 and 850, R. S. 1919); they had waived presentment and notice, which required none, all of which plaintiff pleaded (secs. 895 and 896, R. S. 1919; Jacobs v. Gibson, 77 Mo. App., 249-250); value was alleged and presumed prima facie (sec. 811, R. S. 1919); nor was it denied. Defendant did not deny execution, indorsement, transfer or plead any affirmative defense. The third assignment has been covered. There was no denial, either general or special, of th indorsements (Point 7, supra). The third assignment is based on the assumption that the title to the note was in issue. It was not (Point 7, supra). (9) Plaintiff did not have to prove value. It was not alleged, except as descriptive of the terms of the note. Sec. 2160, R. S. 1919; Sec. 811, R. S. 1919; 8 Corp. Juris, Sec. 1296, p. 990; Tapley v. Herman, 97 Mo. App. 543; Glasscock v. Glasscock, 217 Mo. 362. Further, the case cited by ap-

pellants, Jerome v. Whitney, 3 Johns. (N. Y.) 321, is supplanted and overruled by Durland v. Durland, 153 N. Y. 67, 42 N. E. 42.

DAVIS, C.—This is an action on a promissory note. The defendants filed a joint answer to plaintiff's petition; the plaintiff, after filing a general denial reply, then filed a motion for judgment on the pleadings, which the court sustained, entering judgment thereon for $3281.96, from which defendants appealed.

Plaintiff's petition, with affidavit and Exhibit "A", reads:

"Plaintiff states that it is a corporation organized and existing under and by virtue of the laws of the State of Missouri, and as such is engaged in the business of banking in the city of St. Louis, Missouri.

"That defendant, International Hospital Equipment Company, is a manufacturing and business corporation, organized and existing under and by virtue of the laws of the State of Missouri, and having its principal offices in St. Louis, Missouri.

"Further, plaintiff states that on November 2, 1922, defendant International Hospital Equipment Company, executed and delivered to Ruche-Coopersmith Bed Company, a corporation, its certain promissory note (a verified copy of which is hereto attached and made a part of this petition, marked "Exhibit A.") of even date, whereby, for value received, it promised to pay to the order of Ruche-Coopersmith Bed Company, ninety days after date, at the Franklin Bank, St. Louis, Missouri, the sum of two thousand nine hundred and seventy dollars ($2,970), with interest from maturity at the rate of eight (8) per cent per annum, and if said note should not be paid at maturity and should be placed in the hands of an attorney for collection it further promised to pay, as attorneys' fees for collection, ten (10) per cent additional on the full amount due thereon; demand for payment, protest and notice of dishonor being waived by all parties thereto.

"Further, that prior to the delivery of said note by defendant International Hospital Equipment Company to said Ruche-Coopersmith Bed Company, the defendants, J. D. Dean and G. Carlander, endorsed their names in writing on the back thereof, in the order stated, and without receiving anything of value therefor, and for the accommodation of said defendant, International Hospital Equipment Company.

"That thereafter said Ruche-Coopersmith Bed Company transferred said note by causing its corporate name to be endorsed in writing on the back thereof by R. Coopersmith, president, to the plaintiff, for value, and before maturity thereof, and that plaintiff was now the holder of said note in due course.

"Further, plaintiff says that defendant, International Hospital Equipment Company, paid upon the principal of said note, and on February 19, 1923, the sum of two hundred dollars ($200), and has paid all interest due on said note up to and including the 31st day of January, 1923, but that the balance of the principal of said note and all interest from February 1, 1923 has not been paid and is now due.

"Wherefore plaintiff prays judgment against the defendants for the sum of two thousand seven hundred and seventy dollars ($2,770) and interest thereon at the rate of eight (8) per cent per annum from February 1, 1923, until the date of judgment, and for an attorney's fee for collection, of ten per cent (10%) additional on the full amount due on said note, including interest."

"State of Missouri,  } ss.
City of St. Louis.    }

John H. Sills, being duly sworn, upon his oath states that he is vice-president of the foregoing plaintiff, Franklin Bank, and as such has authority to make this affidavit, and further says that the copy of the promissory note charged to have been executed by the defendants, which is attached to the foregoing petition and marked "Exhibit A," is a true copy of the original promissory note

charged to have been executed by said defendants and upon which the foregoing petition is founded.

JOHN H. SILLS.

Subscribed and sworn to before me, a notary public within and for the City of St. Louis, Missouri, this 13th day of April, 1923.

My Commission expires January 9, 1925.

(Notarial Seal)

MATHILDA A. HAERTGEN,

Notary Public in and for the City of St. Louis, Missouri,''

"EXHIBIT A.

(Copy.)      St. Louis, Mo., Nov. 2nd, 1922.

$2970.00.   Ninety days after date for value received I promise to pay to the order of Ruche-Coopersmith Bed Co. Two Thousand Nine Hundred Seventy and No/100 Dollars at the Franklin Bank, St. Louis, Mo., with interest from maturity at the rate of eight per cent per annum; and if this note shall not be paid at maturity and shall be placed in the hands of an attorney for collection, I further promise to pay, as attorney's fees for collection, ten per cent additional on the full amount due hereon.  Demand for payment, protest and notice of dishonor are hereby waived by all parties.

INTERNATIONAL HOSPITAL EQUIPMENT Co.

Address By J. D. Dean, (Pres.)

Attest: G. Carlander,
    Sec. & Treas.

No. 210952 Due 1/31 Cash.

On the back of note is following:

                      2970.
2/19/23               200.
                      _____

                      2770.

J. D. DEAN,
G. CARLANDER,
RUCHE COOPERSMITH BED Co.
R. COOPERSMITH, PRES.

A true copy.

Attest: John Schmoll, Clerk.''

Defendants then answered as follows:

''Now Comes the defendants in the above-entitled cause and for their joint answer to the petition of plaintiff deny that they are indebted to plaintiff as in said petition alleged.

''Wherefore, having fully answered, they pray to be henced dismissed with their costs.''

Plaintiff's reply is as follows:

''Now comes the plaintiff and for its reply to defendants' answer, plaintiff denies each and every allegation in said answer contained.

''Having fully replied, plaintiff prays for judgment as in its petition.''

Plaintiff then filed a motion for judgment on the pleadings, reading:

''Now comes the plaintiff and moves the court for a judgment upon the pleadings for the reason that the joint answer of the defendants in this action does not deny, either generally or specially, any allegation of the petition; for the further reason that said joint answer does not present any defense to plaintiff's cause of action; and for the further reason that said joint answer is argumentative and without effect as any defense to plaintiff's cause of action.''

After the court sustained the motion for judgment on the pleadings and entered judgment thereon, the defendants filed their motion to set aside the judgment, as follows:

''Now come the defendants in the above-entitled cause and the move the court to set aside the judgment rendered herein on the 18th day of January, 1924, and to reinstate said cause for trial, for the following reasons, to-wit:

''First. The action of the court in sustaining said motion for judgment on the pleadings is beyond the jurisdiction of the court, in that said pleadings raised issues of fact and entitled defendants to a trial by jury.

"Second. That the action of the court in rendering said judgment under the issues raised is contrary to the provisions of the Constitution, of the laws and the Constitution of the State of Missouri, and deprives the defendants of their property without due process of law.

"That under the pleadings said judgment is erroneous and void, and the court was wholly without jurisdiction to entertain said motion and render judgment thereon."

I. Defendants assign error on the part of the trial court in sustaining plaintiff's motion for judgment on the pleadings, because the pleadings raised issues of fact. Defendants, however, fail to comprehend the import of their answer. They deny they are indebted to plaintiff as in said petition alleged.

An action on a promissory note is based on a promise to pay the legal holder as provided therein. It is not grounded on indebtedness, but on a promise to pay. Thus, the failure to prove the execution of a promisssory note, does not permit recovery on proof of indebtedness. Conversely, a suit upon a debt is not proven by the introduction of a promissory note. In either case there would be a variance between the pleadings and the evidence. The distinction is evident. As heretofore pointed out, defendants only denial is that of indebtedness. The question arises is this a sufficient answer?

Relative to commercial paper, in 8 C. J., sec. 1195, p. 910, it is said:

"In the code states, and in some other states, where the plea of a general issue is abolished, a plea denying indebtedness, without setting out any facts which constitute a legal defense, is not a denial of plaintiff's right to recover."

In Kinney v. Osborne, 14 Cal. 113, the court say:

"The defendant answered, not denying the execution of the note, but denying that he was indebted to plaintiff.

This was no denial at all. The admission that he made the note being equivalent so far to a confession of the debt; and a denial of the indebtedness being only a denial of the legal consequences resulting from the execution of the note.''

In Spencer v. Turney (Okla.), 49 Pac. 1012, an excerpt reads:

''The third paragraph of the answer which denied that the defendant was indebted to the plaintiffs in any sum whatever also presented no issue. Plaintiffs did not allege an indebtedness, which would have been a conclusion, but they did allege the execution and delivery of a promissory note, which was an allegation of fact, and the defendant failed to deny this fact by attempting to deny a conclusion which plaintiff had not alleged. No other question is presented by briefs of counsel. The trial court correctly ruled in sustaining the motion for judgment on the pleadings and the judgment is accordingly affirmed.''

An excerpt from Haggard v. Hay's Admr. (Ky.), 13 B. Mon. 175, reads:

''As the answer admitted the execution of the note, it was not sufficient for it to state that the defendant did not owe it, but it should have stated the facts relied upon by him as having the effect to discharge him from all liability for the amount, so that the court could determine whether this was their legal effect, and the plaintiff might be apprised of the actual defense relied upon in the answer. The answer was therefore defective and the demurrer to it was properly sustained.''

In Clark v. Finnell (Ky.), 16 B. Mon. 335, it is said:

''The general statement that the defendants do not owe, when the petition merely states the facts from which indebtedness or liability is implied by law, is no proper response to the petition, because it neither denies any allegation of fact nor states any new matter constituting a defense. But if it were allowed to be good in analogy to the plea of *nil debit* or *non assumpsit* it might author-

ize a defense to be made, in the evidence of which there was no indication in the answer. And the object of the code is that the pleadings shall state facts and not mere implications of law. The court, therefore, properly sustained the demurrer to the first paragraph of the answer, and for the same reasons it properly rejected the proposed amendment, which in form and substance was nothing but a plea of *nil debit.*"

Taylor v. Purcell (Ark.), 31 S. W. 1. c. 568, says:

"In the first paragraph he denies that he is indebted to plaintiffs in any amount upon the note sued on. This is only the denial of a legal conclusion and is not sufficient."

Callanan v. Williams (Iowa), 32 N. W. 1. c. 384, reads:

"A denial in an answer that the defendants are not indebted in the amount claimed in the petition does not present an issue of fact and does not amount to general denial. [Stacksleger v. Smith, 27 Iowa, 286.]"

Relative to the words "as in said petition alleged," Hutchinson v. Bien, 93 N. Y. S. 217, comments:

"This is an appeal from an order granting the plaintiff's motion for judgment on the answer as frivolous. The answer is as follows: '(1) On information and belief he denies the allegations as alleged in paragraphs 2, 3 and 4 of the complaint herein.' The vice of this answer is found in the words 'as alleged,' which limit the denial to the form of the allegations of the complaint instead of denying the substance. Such a denial is clearly bad upon mere inspection, and the order appealed from should therefore be affirmed with $10 costs and disbursements."

Sec. 1256, R. S., 1919, provides:

"Every material allegation of the petition not controverted by the answer and every material allegation of new matter contained in the answer not controverted by the reply shall, for the purpose of the action be taken as true, but the allegation of new matter, in the reply

shall be deemed controverted by the adverse party, as upon a direct denial of avoidance.''

Sec. 1380, R. S. 1919, reads:

''An issue arises upon the pleadings when a fact or conclusion of law is maintained by the one party and controverted by the other. They are of two kinds, first, of law, and, second, of fact.''

Sec. 1381, R. S. 1919, reads:

''An issue of law arises: First, upon a demurrer to the petition, answer or reply, or to some part thereof; or, second, upon an allegation of fact in a pleading by the one party the truth of which is not controverted by the other.''

Sec. 1382, R. S. 1919, reads:

''An issue of fact arises: First, upon a material allegation in the petition controverted by the answer; or, second, upon new matter in the answer controverted by the reply; or, third, upon new matter in the reply, except an issue of law is joined thereon.''

What is now section 1256, R. S. 1919, was interpreted in Granitoid Company v. Cement Company, 169 Mo. App. 302, 152 S. W., 601, as follows:

''This being true, the averment in the petition concerning the agreement under which the switch was laid is admitted, for the statute provides that every material allegation of the petition not controverted by the answer shall, for the purposes of the case, be taken as true. [See Sec. 1830, R. S. 1909.] The averments of the petition touching this matter were material and, as they were not denied, are to be treated identically as though they were established by the evidence. It was unnecessary to introduce proof touching these matters which were admitted on the record, and it would have been superfluous to do so. [See Marshall v. Thames, etc., Ins. Co., 43 Mo. 586; State ex rel. v. Henderson, 86 Mo. App. 482, 488.]''

It is evident defendants treated the denial of indebtedness as a general denial. Their denial, however, was not a general denial, and cannot be held such. They

seemingly assume that the petition alleges an indebtedness, but it is evident that plaintiff relied upon the defendants' contract and promise to pay as provided in the note, and, as we have before pointed out, the promise to pay in the note and an indebtedness are not equivalent things. A denial of indebtedness is not a denial of the execution of the note. Even if defendants' answer could be construed as a general denial, it was not made under oath as provided by statute, and, consequently, does not act as a denial of the execution of the note. [Sec. 1415, R. S. 1919.] Neither payment, want or failure of consideration, or any other affirmative defense could be legally proven under a general denial. [Smith v. Rambaugh, 21 Mo. App. 390.] Nor was it incumbent upon plaintiff to prove value or consideration. [Sec. 2160, R. S. 1919.] The note, as alleged, was promissory and negotiable, and was deemed prima facie to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value. [Sec. 811, R. S. 1919.] Where the execution of the note is not denied, and where the plaintiff is in possession of it, these facts carry with it the presumption that the note was delivered; that it was negotiable, and that its execution and delivery imported that it was given for a valuable consideration. [Silverthorne v. Lumber Company, 190 Mo. App. 716, 176 S. W. 441; Dawson v. Wombles, 123 Mo. App. 340, 100 S. W. 547.]

There are numerous cases in this State which hold that, where an issue is raised as to the genuineness of the indorsement by a general denial thereof, it is necessary for plaintiff to prove the indorsement, among them, Bank v. Johnson, 261 S. W. 705. But in the cases in which the above ruling is applied a sufficient denial was filed to raise the issue. The cases heretofore cited point out that defendants' answer was not a sufficient pleading, and therefore could not raise the issues defendants urge. It follows that inasmuch as the material issues in

the petition were not denied they will be taken as confessed.

II.   Defendants further contend that the burden was on plaintiff to prove value received.   This is not the law, because a promissory note imports a consideration. [Secs. 811 and 2160, R. S. 1919; Silverthorne v. Lumber Company, *supra;* Dawson v. Wombles, *supra.*]   Defendants contend that the petition alleged that the note was given for value received.   To that we do not agree, for the petition does not plead such, but merely pleads that the note contained the words "value received."   We do not think the petition is subject to the construction placed upon it by defendants, and we therefore hold that the note as pleaded in the petition prima facie imports a valuable consideration, and that it was not incumbent upon plaintiff to prove same.   Inasmuch as defendants, answer was insufficient, we think the case stood as though defendants filed no pleading at all, and that the position taken by defendants amounted to a confession of the material allegations of the petition.   It follows that the court properly sustained the motion for judgment on the pleadings

The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of Davis, C., is adopted as the opinion of the court.   The judgment of the circuit court is accordingly affirmed.   *Daues, P. J., Becker* and *Nipper, JJ.,* concur.