DAWSON, Appellant, v. WOMBLES, Admr., etc., Respondent.

St. Louis Court of Appeals, February 2, 1904.

1. **WITNESS: Agent of Deceased Party to Note.** One who acted as agent for the payee of a note, in the transaction leading to its execution, is a competent witness for plaintiff in an action thereon, though the maker of the note is dead, provided the witness has no interest in the suit.

2. **ADMINISTRATION: Affidavit to Demand: Agency.** Section 196, Revised Statutes of 1899 requires that an affidavit to a demand against an estate, which is made by an agent, shall state the fact of such agency, though it does not require the affidavit to contain a statement that the agent had the management of the business out of which the demand grew.

3. ———: ———: **Amendment.** If an affidavit to such a demand does not disclose that it was made by the agent of the claimant, the defect may be cured by amendment.

Appeal from Lincoln Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED.

*Martin & Woolfolk,* and *Pearson & Pearson* for appellant.

Witness Jno. W. M. Palmer had no interest in the note sued on, was not a party to the note sued on in this cause of action directly or indirectly, therefore does not come within the provision of the statute. R. S. 1899, sec. 4652. Even though the witness, Jno. W. M. Palmer acted as the agent of plaintiff, in receiving the payment of September, 1893, that fact of itself did not disqualify him as a witness. It is the well-settled rule in this state that the agent may testify as to the terms of a contract made by the agent even after death of the other party,

where the agent is not personally interested in the sub-ject-matter of the contract. The only exception to this rule is where the agent acts for a corporation. Clark v. Theas, 173 Mo. 628; Leahy v. Simpson's Admr., 60 Mo. App. 83; Baer v. Pfaff, 44 Mo. App. 35; Leeper v. Mc-Guire, 57 Mo. 360; Stanton v. Ryan, 41 Mo. 510; Bank v. Payne, 111 Mo. 291; Banking House v. Rood, 132 Mo. 259.

*W. A. Dudley* and *Norton, Avery & Young* for re-spondent.

The court committed no error in excluding the prof-fered testimony of the witness Palmer because: If the rule laid down in Williams v. Edwards, 94 Mo. 447; Newspaper Co. v. Jung, 81 Mo. App. 577; Edwards v. Warner, 84 Mo. App. 200; Banking House v. Ford, 132 Mo. 256; Brimm v. Fleming, 135 Mo. 597; Hollman v. Lange, 143 Mo. 100; Woltemahr v. Doye, 76 S. W. 1053, and other cases holding to the equitable construction of section 4652, R. S. 1899, has been abrogated by the re-cent decision of the Supreme Court, (Clark v. Theas, 173 Mo. 628) the plaintiff having conceded the doctrine then prevailing is in no position to here charge the court with error. The appellate courts of the State have ever held parties to the position they assumed in the trial court. Hudson v. Railway, 101 Mo. 13; White v. Nelson Mfg. Co., 53 Mo. App. 337.

GOODE, J.—This case is on a note presented by the appellant Jennie L. Dawson against the estate of Jas. R. Palmer, deceased. The note was given July 2, 1887, to Nancy E. Palmer, the mother of the maker, for $515.50, due one day after date and drew interest at eight per cent. It was indorsed by the payee to Jennie L. Palmer December 10, 1888, and was credited with a payment of $22 on the fifth day of September, 1893. Respondent's

counsel contends it was not clear whether the credit was indorsed in 1891 or 1893; but we must look to the transcript for the facts and the transcript shows it was indorsed in 1893. Shortly after the note was executed, although it had been previously assigned to Jennie L. Dawson (nee Palmer) it was deposited with her father Jno. W. M. Palmer, who was the brother of the deceased Jas. R. Palmer, and both of them were sons of the payee. The purpose of the payee in depositing the note with Jno. W. M. Palmer was to prevent the maker from being pressed for payment. No question is made about appellant's ownership. The note was given as the result of a settlement between Jas. R. Palmer and his mother. The credit on it grew out of an arrangement between Jno W. M. Palmer and Jas. R. Palmer in regard to the funeral expenses of their mother, who died in 1890. It was agreed between the two sons that each should bear one-half of her funeral expenses, but that Jas. R. Palmer should have credit for the half he paid on the note. Jno. W. M. Palmer advanced the entire amount and subsequently Jas. R. Palmer reimbursed him for half of it and at that time the credit was endorsed. The note was filed for allowance August 5, 1902. Notice of its presentation was given July 21, 1902. All the facts in regard to its execution, amount, indorsement to appellant and the credit, were elicited from John W. M. Palmer; but his testimony was afterwards excluded by the circuit court for the reason that he was the agent of his mother in the transaction with Jas. R. Palmer, leading to the giving of the note, and the witness was deemed to be disqualified because his brother is dead. It might be questioned whether Jno. W. M. Palmer was the agent of his mother in the matter at all. He testified that he was no more her agent than his brother's; and he appears to have acted in a clerical capacity in adjusting the account. Be that as it may, it is certain, from the decisions on that point, that he was a competent witness if he had no interest in the

suit, and we think he had none. The point was directly decided in Clark v. Thies, 173 Mo. 628, and that is the latest adjudication on it. It must control the decision of this case and lead to a reversal of the judgment.

An objection was raised to the affidavit to the demand filed in the probate court on the score that it was made by R. L. Dawson, instead of the claimant himself, and contains no statement that Dawson was the agent of claimant, or that he had had the management of the business out of which the demand originated, or had means of knowing personally the facts necessary to be stated in the affidavit. The statutes require an affidavit to a demand against an estate which is made by an agent, to contain a statement of the fact. R. S. 1899, sec. 196. It does not require the affidavit to contain a statement that the agent had had the management of the business out of which the demand grew, or had means of knowing the verified facts. Those things, we apprehend, may be shown by evidence *aliunde*. The affidavit was defective in not disclosing that it was made by the agent of the claimant, but that defect may be cured by an amendment. Woerner, Administration Law, p. *808; Walker v. Wiggington's Adm., 50 Ala. 579; Chadwell v. Chadwell, 98 Ky. 643.

As to when the payment was credited on the note was a question for the triers of the facts to determine.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.