DAWSON, Appellant, v. WOMBLES, Administrator of Estate of PALMER, Respondent.

**St. Louis Court of Appeals, March 5, 1907.**

1. **BILLS AND NOTES: Execution by Mark: Presumption.** Where it was shown that the maker of a note executed it by making his mark to it and at the same time executed and acknowledged a deed of trust to secure it, the presumption arises that he was acquainted with its contents.

2. ———: **Possession: Presumption of Ownership.** The possession of a negotiable promissory note is prima facie evidence of ownership in the possessor.

3. **PRACTICE: Instruction: Presumptions.** An instruction which requires the plaintiff to prove facts which the law presumes in his favor in order that he may have a verdict, is reversible error.

4. ———: ———: **Error Cured by Other Instructions.** A party is not estopped to complain of an erroneous instruction given on behalf of his adversary because he did not offer an instruction which would cure the error.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett*, Judge.

REVERSED AND REMANDED.

*Pearson & Pearson* and *Charles Martin* for appellant.

If James R. Palmer signed the note, the law presumes he had full knowledge of the character of the instrument. Campbell v. Van Houton, 44 Mo. App. 231; Gerard v. Car Wheel Co., 46 Mo. App. 79; Lawson, Presumptive Evidence, 18. The note being in the possession of the plaintiff, delivery and ownership are presumed. Bobb v. Letcher, 30 Mo. App. 43; Wickersham v. Jarvis, 2 Mo. App. 279; Glasgow v. Switzer, 12 Mo. App. 395; Pitts v. Sheriff, 108 Mo. 110. The presumption is that the note was given for a valuable consideration. R: S.

1898, sec. 457; Cox v. Stoan, 158 Mo. 423; Rittenhouse v. Amonerman, 64 Mo. 197.

*W. A. Dudley* and *O. H. Avery* for respondent.

(1) There is no error in instruction given for defendant and criticised by appellant. A valuable consideration is essential to the validity of a promissory note, as between original parties and assignees after maturity. Tiedeman on Commercial Paper, secs. 34 and 151, 7 Cyc., p. 690, Com. Paper., Par. 3; Booher v. Allen, 153 Mo. 613; Carter v. McClintock, 29 Mo. 464. James R. Palmer was shown to be absolutely illiterate and signed by making his mark. His knowledge of its contents at the time of execution was essential to a valid contract. Beck v. Lithographing Co., 54 Mo. App. 240; Vandergraf v. Broch, 89 Mo. App. 411. (2) The second instruction declares the law, as often ruled in this State. Phillips v. Mahan, 52 Mo. 197; Buch v. Haas, 31 Mo. App. 180; Loener v. Haug, 29 Mo. App. 163; Goddard v. Williamson's Admr., 72 Mo. 133; Gardner v. Early, 78 Mo. App. 346; Freeze v. Lockhart, 87 Mo. App. 102; McIlvain v. Gatret, 84 Mo. App. 300; Elsea v. Prior, 87 Mo. App. 157.

BLAND, P. J.—The action originated in the probate court of Lincoln county, when plaintiff offered for probate against the estate of James R. Palmer, deceased, a note for the sum of $515.50, dated July 2, 1887, in which Nancy E. Palmer is payee. The note is due one day after date, with eight per cent interest per annum, signed "James R. Palmer, his x mark," and attested by J. W. M. Palmer. On the back of the note is the following indorsement: "I sign the within note for value received to Jennie L. Palmer, this fifteenth day of December, 1888. Nancy E. Palmer her x mark. Attest: J. W. M. Palmer. I. S. Williams." The note is also indorsed: "Received on the within $22, September 5, 1893." The

probate court found the issue for the defendant administrator and plaintiff appealed. On the first trial the circuit court held J. W. M. Palmer, plaintiff's only witness, incompetent, for which ruling the judgment was reversed and the cause remanded by us (Dawson v. Wombles, 104 Mo. App. 272, 78 S. W. 823). On the second trial, the court sustained a demurrer to plaintiff's evidence. The cause was again appealed to this court and the judgment reversed and the cause remanded for retrial (Dawson v. Wombles, 111 Mo. App. 532). On the third and last trial, the verdict and judgment were for defendant, from which plaintiff appealed.

John W. M. Palmer was the son of Nancy E. Palmer, the brother of James R. Palmer, deceased, and the father of plaintiff. Neither Nancy E. nor James R. Palmer was able to read or write. J. W. M. Palmer, plaintiff's only witness, testified that his mother at one time resided with him on a farm; that he left the farm and moved to Louisiana, Pike county, Missouri, and his mother thereafter lived with her other son, James R. Palmer, for a number of years, on a farm in Lincoln county; that at the time she went to live with him she owned a number of cattle, which James R. was not able to keep for her and she sold them to him on account, which account ran on for several years; that James R. and his wife separated and about the time of the separation Nancy E. Palmer became an invalid and was a great care; that witness then moved to his farm and brought his mother, Nancy E. Palmer, and plaintiff, his daughter, to the farm, and his daughter nursed and cared for the old lady until she died; that at the time he took his mother to his farm, she and James R. had a settlement, and he (witness) went over their accounts at their request, and the amount he found to be due his mother was $515.50, and he wrote the note in suit for that sum and signed James R. Palmer's name to it at his request; that James R. made his mark and witness at-

tested it; that afterwards Nancy Palmer concluded that as plaintiff was nursing and caring for her, plaintiff should have what she had, and gave her the note, and witness, at his mother's request, wrote the assignment on the back of the note, signed her name to it, she making her mark, and he and Williams signed it as attesting witnesses. Witness testified that the twenty-two dollars credited on the note was for a load of corn and some money, and was credited on the note at the request of James R. Palmer. Witness also testified that he had the note in his possession for his mother and, after the assignment, for his daughter until a short time before it was presented for probate.

Defendant showed that on December 17, 1888, James R. Palmer executed a deed of trust to B. N. Vance, as trustee, for J. W. M. Palmer, William Palmer and Jennie L. Palmer, covering certain described lands in Lincoln county, crops, farm machinery, cattle, etc., to secure the payment of three promissory notes; one dated December 17, 1888, for $325, payable to J. W. M. Palmer; one dated July 2, 1887, for $240, payable to Wm. Palmer, and the note in suit. The deed of trust was duly recorded. On the margin of its record is the following writing: "The deed mentioned in the within instrument of writing has been fully paid and discharged. I hereby acknowledge satisfaction in full and release the property herein conveyed from the lien and incumbrance thereof this thirteenth day of January, 1889. Signed J. W. M. Palmer, beneficiary. Attest, J. H. Alexander, recorder of deeds." In rebuttal J. W. M. Palmer testified that he sold the land described in the deed of trust to his brother James R., who paid him some on it; that not one dollar secured by the deed of trust was paid but he released it for the purpose of enabling James R. to reconvey the land back to witness, in order that witness might borrow money on it; and a deed dated November 20, 1889, from James R. Palmer and wife to J. W. M. Pal-

mer for the land described in the deed of trust was read in evidence. Defendant also introduced evidence tending to show that Nancy Palmer lived with her son James R. for eight or ten years, and that when she went to live with him she had only a few head of cattle and owned no other property.

The court gave the following instruction for plaintiff:

"1. If the jury believe from the evidence that James R. Palmer executed the note sued on and that said note was assigned to Jennie L. Dawson, and that the payment of $22, indorsed thereon as a credit, was so indorsed with the consent or direction of James R. Palmer, and was made and indorsed on said note within ten years of August 5, 1902, then your verdict will be for the plaintiff for the amount due on said note unless you find that said note has been paid off."

And for defendant the following:

"1. The jury cannot find a verdict for the plaintiff in this case unless they are satisfied from the evidence of the following facts:

"First. That James R. Palmer signed the note sued on with full knowledge of the character of the instrument.

"Second. That he delivered the same.

"Third. That the same was based on a valuable consideration.

"Fourth. That the same was assigned by Nancy E. Palmer to the plaintiff, Jennie L. Dawson.

"Fifth. That some payment was made on said note within ten years next before the fifth day of August, 1902, the date the note was filed for suit."

Plaintiff's contention is that instruction No. 1, given on behalf of defendant, is erroneous in that it required the jury to find from the evidence, first, that James R. Palmer signed the note with full knowledge of the character of the instrument; second, that he deliver-

ed it, and third, that the note was given for a valid con-
sideration, to authorize them to return a verdict for
plaintiff. The execution of the note was not denied at
the trial. The fact that it was executed by an illiterate
man making his mark, in certain circumstances, might
require proof that it was read and explained to him. In
this case, if such proof was necessary, it is furnished by
the fact that James R. Palmer executed and duly ac-
knowledged a deed of trust to secure the note, which is
described in the deed. The presumption therefore arises
that James R. Palmer was acquainted with the contents
of the note when he made his mark to it, and this pre-
sumption cannot be overcome without evidence that im-
position or fraud was practiced upon him to procure
his signature to the note. [Campbell v. Van Houten, 44
Mo. App. 231; Girard v. The St. Louis Car Wheel Co.,
46 Mo. App. 79.] Plaintiff's possession of the note was
sufficient, under the practice act, to enable her to main-
tain the action in her own name (Rocka v. Nuella, 28
Mo. 180), and it was not necessary for the jury to find
that the note was actually indorsed to her by the payee
(Lewis v. Bowen's Admr., 29 Mo. 202) and her possess-
ion of it was prima facie evidence that it had been de-
livered to her. [Morris v. Morris, 28 Mo. l. c. 115.] The
note was negotiable and its execution and delivery im-
ported that it was given for a valuable consideration.
[R. S. 1899, sec. 457; Cox v. Sloan, 158 Mo. l. c. 423, 57
S. W. 1052.] Therefore, the instruction requiring plain-
tiff to prove facts, which the law presumes in her favor
from the existence of other facts shown in evidence, cast
upon her a burden that she was not required to bear; for
these reasons the instruction is erroneous. Defendant
concedes that if the instruction stood alone, unqualified
or explained by plaintiff's instruction No. 1, it would be
erroneous, and contends that when read in connection
with plaintiff's instruction, as should be done, the error
disappears. Plaintiff's instruction No. 1 predicates her

right to recover on facts stated in general terms. It does not inform the jury that the law, from the execution and delivery of the note, etc., presumes the existence of any of the facts defendant's instruction told the jury they must find from the evidence, in order to find a verdict for plaintiff, hence the instruction does not cure the error complained of. Defendant also contends that plaintiff should have asked for an instruction telling the jury what the law presumed from proof of execution and delivery of the note, etc., and that the error is one of non-direction. Where a party to a suit in a civil cause is entitled to an instruction and fails to ask it, he cannot, after he is defeated, complain that the instruction was not given. But it is not the law that a party is estopped to complain of an erroneous instruction given on behalf of his adversary, which error he did not offer to cure by asking an instruction for that purpose, and which he would have been entitled to had he moved for it. Counsel for a party to a civil suit is under no legal or moral obligation to prevent the counsel of his adversary from falling into error. He may do so, if he believes it to be to the interest of his client, but is under no obligation to do so and cannot be adjudged in the wrong, if he fails or refuses to ask an instruction to cure an erroneous one given for the opposite party.

The judgment is reversed and the cause remanded. All concur.