# FIRST NATIONAL BANK OF MADISON, Respondent, v. THOMAS H. STAM, Appellant.

### Springfield Court of Appeals, December 12, 1914.

1. **PLEADINGS: Variance: Statutory Provisions: Affidavit of Surprise.** Action on a note due in thirty days, executed by the corporation defendant and another, payable to the corporation and indorsed by it to plaintiff. The petition declared upon a note due in ninety days, executed by the corporation and defendant to themselves and indorsed to plaintiff. The variance *held* immaterial, in view of Secs. 1846, 1847, R. S. 1909, in the absence of an affidavit of surprise.

2. ————: **Amended Petition: New Cause of Action: Bills and Notes.** Action on a promissory note. Plaintiff filed an amended petition so that the allegations would conform to the note. Such amended petition was not subject to a motion to strike as it did not change the cause of action.

3. **BILLS AND NOTES: Variance: Dismissal.** If there is such a discrepancy between the note declared on and the one filed as an exhibit as not to justify it being offered in evidence, then the instrument sued on is not filed as required by Sec. 1844, R. S. 1909, and the defendant may have the cause dismissed.

4. ————: **Indorsement: Formal Not Always Necessary.** A formal indorsement of a note is not in every instance necessary to pass title. And when the uncontradicted testimony shows that plaintiff purchased the note sued on, that he was the owner thereof and that the payee whose name appeared thereon as having endorsed it was a party defendant, who by his default admitted plaintiff's ownership, it cannot be objected that there was no indorsement.

5. ————: **Provisions in for Attorney's Fee.** Where a note provides for a ten per cent attorney's fee, the holder is entitled to judgment for that amount without proving that it is reasonable.

Appeal from Iron County.—*Hon. E. H. Dearing, Judge.*

*Edgar & Edgar, B. H. Boyer* and *W. L. Colley* for appellant.

(1) The question of variance between the allegations of the petitions and the exhibits filed cannot be raised by demurrer, because the court cannot, in any way, look to them or consider them as a part of the pleadings. Hadwin v. Ins. Co., 13 Mo. 473; Chambers v. Carthel, 35 Mo. 375; Curry v. Lackey, 35 Mo. 392; Baker v. Berry et al., 37 Mo. 306; Bowling v. McFarlan, 38 Mo. 467; Phillips et al. v. Evans et al., 64 Mo. 22; Peake v. Bell, 65 Mo. 224; Pomeroy v. Fullerton, 113 Mo. 453; Hubbard v. Slavens, 218 Mo. 622; Hanks v. Hanks, 218 Mo. 678. (2) The proof must conform to the allegations of the petition. The plaintiff cannot allege one state of facts and prove another. Beck v. Ferrara, 19 Mo. 30; Waldhier v. Railroad 71 Mo. 517-518; Faulkner v. Faulkner, 73 Mo. 335; Cole v. Armour, 154 Mo. 350-351; Construction Co. v. Iron Works, 169 Mo. 156-157; Huston v. Tyler, 140 Mo. 262; Bagnell Timber Co. v. Railroad 180 Mo. 463; Joplin ex rel. v. Freeman, 125 Mo. App. 720; Holliday v. Jackson, 21 Mo. App. 660. (3) It is incumbent upon the plaintiff to prove the indorsement as alleged, which has not been done. Ledlie v. Gamble, 35 Mo. App. 356; Nat. Bank v. Pennington, 42 Mo. App. 355; Co. Court of St. Louis Co. v. Griswold et al., 58 Mo. App. 198; Safville v. Hoffstetter, 63 Mo. App. 273; Bosse v. Weik, 144 Mo. App. 472. (4) There is no proof in the record of the contracting to pay—the payment—the reasonableness or the value of attorney's fees, and they should not have been allowed. May v. Crawford, 142 Mo. 390; In re Torchia, 185 Fed. 576-583; In re Fabacher, 193 Fed. 556-558; Merchant's Bank v. Thomas, 121 Fed. 306-312; North Atchison Bank v. Gay et al., 114 Mo. 203; Bank v. Martin, 129 Mo. App. 404; May v. Crawford, 142 Mo. 390; Thompson v. St. Charles Co., 227 Mo. 220-238.

*Hope, Green & Seibert* for respondent.

(1)   A note made payable to the maker thereof, and endorsed by him in blank, can be recovered on by the holder without proof of endorsement and delivery; the production of the note by the holder with the endorsement thereon prima facie entitling him to recovery.   8 Cyc. p. 86; Berner v. Steiner, 108 Ala. 111, 19 So. 806, 54 Am. St. Rep. 144; Lyon v. Tempinski, 1 Tex. App. Civil Cases, 79; Lowrie v. Zunkel, 49 Mo. App. 153.   (2)   Under the pleadings in this case, the plaintiff was entitled to judgment without any proof in this case, defendant having filed a general denial, unverified, admitted his execution of the note sued on, both as maker and endorser.   R. S. 1909, Sec. 1985; Smith Co. v. Rembaugh, 21 Mo. App. 390; Emery v. Shoe Co., 167 Mo. App. 709; Hahs v. Railroad, 147 Mo. App. 275; Johnson v. Woodmen of World, 119 Mo. App. 102; Love v. Ins. Co., 92 Mo. App. 196; Faircloth v. Tinsley, 83 Mo. App. 588; Thomas v. Life Assn., 73 Mo. App. 374; 14 Cyc. P. & P. 662.   (3)   Under the statutes of Missouri, in order for plaintiff to recover upon a note made payable to the order of one of the makers, it is not necessary that the payee endorse the same, as the note is negotiated within the meaning of the law of Missouri by delivery by the maker for consideration or by his putting it on the market.   Sec. 10175, R. S. 1909; Lowrie v. Zunkel, 49 Mo. App. 153.   (4) Where notes do not correspond with those described in a petition, at most it is only a variance which can only be taken advantage of in the manner pointed out by Sec. 1846, R. S. 1909, on the ground of surprise supported by affidavit, and otherwise the variance is waived.   Sec. 1846, R. S. 1909; Simon Falls Bank v. Leyser, 116 Mo. 51; Black v. Epstein, 93 Mo. App. 459; Henshaw v. Ins. Co., 9 Mo. 336; Bell Savings Bank v. Taylor, 69 Mo. App. 99; Olive Street Bank v. Phillips, 162 S. W. 722; 8 Cyc. 206,

209; Hamilton v. Stewart, 5 Mo. 268; Barrows v. Million, 43 Mo. App. 79. (5) The ten per cent attorneys'. fee specified in the note sued on, under Missouri law, is a contract, and in an action on the note this provision authorizes the assessment of the ten per cent additional sum, without any testimony whatever as to the value of said services; if in a promissory note the parties stipulate for attorneys' fee in case suit is brought, the terms of the contract control the amount of the recovery. North Atchison Bank v. Gay, 114 Mo. 210; 8 Cyc. 321; Bank v. Martin, 129 Mo. App. 484; Sec. 9973, R. S. 1909; Exchange Bank v. Land Co., 128 N. C. 193, 38 S. E. 813; Lock v. Citizens Natl. Bank, 165 S. W. 539; Childs v. Juenger, 162 S. W. 475; Bank of Neelyville v. Lee, 168 S. W. 798.

ROBERTSON, P. J.—This is an action against appellant and the St. Francis Oil Company on a promissory note. A trial resulted in a verdict for the amount of the note, interest and attorney's fee. Defendant Stam appealed.

The petition declares on a note for $4000 dated November 23, 1912, due in ninety days after its date, executed by St. Francis Oil Company and appellant to themselves and indorsed to plaintiff, providing for interest at the rate of eight per cent per annum and for ten per cent attorney's fee if placed in the hands of an attorney for collection. The note filed therewith conforms to these allegations, except it was due in thirty days after its date, was payable to and indorsed by the St. Francis Oil Company and was signed by it, another party and appellant as makers. The plaintiff filed an amended petition accurately describing the note filed, which, upon the motion of appellant, was stricken out because, as alleged by appellant, it set up a different cause of action from that alleged in the original petition. Plaintiff then refiled its original petition to which appellant filed an unverified answer and

the parties proceeded to trial, the St. Francis Oil Company defaulting. When the note was offered in evidence appellant objected thereto on account of the variance above stated. The objection was overruled and the note was admitted in evidence. The plaintiff's cashier testified, without objection, that it owned the note, having paid four thousand dollars therefor. The appellant offered no testimony.

The points urged here are (1) the alleged error of the court in admitting the note in evidence, (2) the alleged absence of proof of indorsement and (3) the alleged error in allowing the attorney's fee.

We rule all of these contentions against appellant; the first one because our Supreme Court in a case similar to this (Salmon Falls Bank v. Leyser, 116 Mo. 51, 66-68; 22 S. W. 504) held that such discrepancies as here relied on to defeat an admission of a note in evidence is nothing more than variance which must, to be available, be taken advantage of by an affidavit of surprise under what are now sections 1846 and 1847, Revised Statutes 1909. In that case, as here, the note was admitted in evidence over an objection. Other cases to the same effect are Olive Street Bank v. Phillips, 162 S. W. 721 (St. Louis Court of Appeals); Bell Savings Bank v. Tayor, 69 Mo. App. 99; Barrows v. Million, 43 Mo. App. 79, and Henshaw v. Insurance Co., 9 Mo. 336.

The plaintiff's amended petition did not change the cause of action and the motion to strike it out should not have been sustained. [Sonnenfield v. Rosenthal, 247 Mo. 238, 266, 152 S. W. 321.] This case, argumentatively at least, sustains the trial court's action in admiting the note. Under this authority the variance in the note and petition did not constitute an entire failure of proof, it was only a variance covered by said section 1846. No case can likely be found where it is so clear as here that a party has not been "actually misled to his prejudice." The note was on

file over a year before the case was tried, the plaintiff undertook to amend by alleging a correct description of the note, was prevented by appellant who went to trial on an unverified answer. Much is said in appellant's brief about an exhibit being no part of the petition; that he could not reach the variance by demurrer, and that the only way he could have his rights enforced was by an objection to the offer of the note in evidence. Even where the instrument sued on is filed in compliance with section 1844, Revised Statutes 1909, it becomes no part of the petition (Keator v. Helfenstein Park Realty Co., 231 Mo. 676, 680; 132 S. W. 1114), but it is none the less subject to the inspection of the defendant. If there is such a discrepancy in the note declared on and the one filed as to not justify its being offered in evidence then the instrument sued on is not filed as required by said section 1844. When it is not filed defendant can have the cause dismissed. [Rothwell v. Morgan, 37 Mo. 107.]

The second point urged by appellant is ruled against him because the uncontradicted and unchallenged testimony shows that plaintiff purchased the note, was the owner thereof and the payee whose name appeared therein as having indorsed it, was a party defendant who, by his default admitted plaintiff's ownership. A formal indorsement of a note is not, in every case, essential to pass title. [Section 10019, Revised Statutes 1909. Lipscomb v. Talbott, 243 Mo. 1, 31, 147 S. W. 798, and cases there cited. Dawson v. Wombles, 123 Mo. App. 340, 345, 100 S. W. 547.]

In support of defendant's third point it is urged that plaintiff should have proven that ten per cent of the amount found to be due on the note was a reasonable attorney's fee. We resolve this point against him. [North Atchison Bank v. Gay, 114 Mo. 203, 210, 21 S. W. 479.] A different rule may be applicable to a note which fixes no amount but provides for a reasonable attorney's fee and it may be that a maker of a

note who agrees to pay a fixed per cent as an attorney's fee should be liable for no more than is reasonable; such questions are not before us. It is our duty to follow the decision of our Supreme Court, and as the Gay case is directly in point here, since the appellant raised no point below as to the reasonableness of the fee and did not complain in his motion for a new trial of the excessiveness of the verdict, it is better that we desist from discussing decisions from other States.

The judgment is affirmed. *Farrington* and *Sturgis, JJ.,* concur.