JOSEPH GOODMAN, Respondent, v. H. F. FREIE, Appellant.*

St. Louis Court of Appeals.    Opinion Filed May 6, 1924.

1.  **BILLS AND NOTES: Indorsements: Written Assignment or Indorsement: Not Necessary to Pass Title.** A written assignment or indorsement is unnecessary to convey title to commercial paper or to enable the holder to sue thereon in his own name as the real party in interest.

2.  ———: **Consideration: Dismissal of Divorce Suit: Sufficient Consideration for Note Given by Husband to Wife.** The dismissal of a divorce suit, which imported value, was sufficient consideration for a note given by the husband to the wife, the note thereby becoming the wife's absolute property.

3.  **DIVORCES: Alimony Pendente Lite: Attorney's Fees: Fees not Limited by Allowance Made by Court: Additional Charge Against Wife.** In a divorce suit, where it does not appear from the order of the court nor the motion *pendente lite* that the allowance of $500 as counsel fees contemplated that the attorney's fees were to be limited to the allowance made, *held,* that by a fair construction of the order and the motion, the attorney's fees in the divorce suit were not limited to the amount allowed by the court, and did not preclude the attorney from making additional charges against the wife for services.

4.  **BILLS AND NOTES: Evidence: Dismissal of Divorce Suit: Attorney's Fees: Wife Giving Attorney Title to Husband's Note: Implication.** In an action by an attorney, who represented defendant's wife in a divorce suit, on a note given by defendant to his

Goodman v. Freie.

wife on dismissal of the suit, evidence that the wife, after the services were rendered, recognized an indebtedness to plaintiff and construed the contract by giving him title to the note, was some evidence that it was given in payment of services rendered in her behalf in the divorce suit.

5. **INSTRUCTIONS: Modified by Court: Party Offering Instruction May Complain.** A requested instruction modified by the court becomes the court's instruction, and the party offering it may complain of it.

6. **BILLS AND NOTES: Consideration: Dismissal of Divorce Suit: Inferences.** In an action by an attorney on a note given by defendant to his wife, the note having been given in consideration of the dismissal of a divorce suit without further agreement on her part to release her marital rights, she transferring it to the attorney, *held* that from plaintiff's evidence, the jury could infer that the wife took an unconditional title to the note, and that there was an implied understanding between defendant and his wife that she should retain the note without regard to future reconciliation and cohabitation.

7. ———: ———: **Holder of Unindorsed Note: Possession Not Evidence of Ownership: Burden of Proof.** The burden of proof was on the holder of a note transferred by the payee without indorsement, to show that the note was transferred and assigned to him for a valuable consideration, and that he became the owner thereof, mere possession of the note being no evidence of ownership, hence an instruction to the effect that the burden of proof was on the defendant to show by a preponderance of the evidence that the said note was placed in plaintiff's hands for safe-keeping only by the payee, and that if the defendant failed so to prove the jury must find against the defendant as to that defense, was prejudicial error.

---

*Headnote 1. Bills and Notes, 8 C. J., section 1086; 2. Bills and Notes, 8 C. J., section 374; 3. Divorce, 19 C. J., section 674 (1925 Anno); 4. Bills and Notes, 8 C. J., section 1359; 5. Appeal and Error, 4 C. J., section 2623 (1925 Anno); 6. Bills and Notes, 8 C. J., section 1359; 7. Bills and Notes, 8 C. J., section 1310.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED.

*James Booth* and *Brackman, Hausner & Versen* for appellant.

*August Walz* for respondent.

DAVIS, C.—This is an action on a $1000 promissory note. Defendant appealed from the judgment for $1127.50, including interest, rendered on the verdict the jury awarded plaintiff.

Plaintiff's evidence tends to show that Mrs. Freie received from defendant in the settlement of a divorce suit the note sued on as follows:

"$1000.00

St. Louis, Mo., December 23, 1919.

"April 1st, 1920, I promise to pay to the order of Lillie Freie One Thousand 00/100 Dollars, for value received negotiable and payable without defalcation or discount and with interest from maturity at the rate of six per cent per annum.

"H. F. FREIE.

"Payable at Law office Kelly & Starke.

"1251 Pierce Bldg., St. Louis, Mo.

"No.............. due...............""

Plaintiff represented defendant's wife as attorney in a divorce suit filed March 3, 1919, wherein Mrs. Lillie Freie was plaintiff and H. F. Freie, defendant here, the defendant therein. During the divorce suit plaintiff for Mrs. Freie filed a motion for alimony *pendente lite* and for suit money, the court awarding Mrs. Freie the sum of $100 a month and $550 suit money, of which $500 was for attorneys' fees, two-thirds of which inured to the benefit of plaintiff herein and his partner. It appears that while the divorce suit was pending, plaintiff loaned Mrs. Freie the sum of $300. At the request of Mrs. Freie, plaintiff also assisted in the criminal prosecution of defendant in Franklin county, for an attack on her father. In the divorce suit the depositions of eighteen or twenty witnesses were taken in Franklin county and fifteen or twenty witnesses in St. Louis. Plaintiff paid for Mrs. Freie $85 for taking depositions and copies thereof and $75 to an investigator of witnesses, as well as money for a financial report on defendant. During the nine months the divorce suit was pending Mrs. Freie, so the testimony

runs, was in the office of plaintiff almost every day, or at least three or four times a week, comprising 80 to 100 conferences, lasting from twenty minutes to an hour each, for consultation respecting the divorce suit.

On December 23, 1919, after the divorce suit had been pending for over nine months, Mr. Freie and defendant herein agreed to settle their differences. They met at the office of Mr. Robert Kelley, attorney for the defendant in the divorce suit. There was present at this conference, Mr. Kelley, defendant, Mrs. Freie, and plaintiff, her attorney and representative. According to plaintiff's evidence, defendant in settlement gave Mrs. Freie a $1000 check, the $1000 note sued on, a diamond ring, and the household furniture, to dismiss the divorce suit, which suit was dismissed that day or the next. In answer to a question as to the purport of the settlement between Mr. and Mrs. Freie, Mr. Kelley testified: "She said she would dismiss the suit in consideration of getting this property."

After receiving the settlement, the evidence runs to the effect that Mrs. Freie gave plaintiff the $1000 note sued on as a consideration for the money loaned and paid out and the legal services rendered. There was present at the time the note was given to plaintiff, Mrs. Freie, her sister, and plaintiff. Plaintiff testified: "She said she did not have any cash to pay us with; she wanted to know if we would take that note for a $1000, the note that is sued on in this case. I told her that I would. I told her to go ahead and indorse it. The note was lying on the table at that time. I had another desk on the other side of the desk she was seated in front of. I turned around there and when I turned back around she handed me this note face up. I took it, stuck it in the drawer and locked the key on it. She said: 'I am glad to have that off my mind; I am glad that you are paid now.' I said: I think that settles all you owe us." This latter evidence was corroborated by the sister of Mrs. Freie, who accompanied her to plaintiff's office, where and when she gave plaintiff the note sued on. Mr. Kelley testified in substance: "That at the time Mrs. Freie was

in his office, during negotiations between defendant and herself regarding the settlement, Mrs. Freie said she was going to give the $1000 note to plaintiff on his fee.''

Defendant's evidence tends to show that the settle- ment agreement entered into between defendant and his wife was upon the consideration of the wife agreeing to release all her rights in and to her husband's property. The wife also agreed to dismiss the divorce suit at the husband's costs. After the divorce suit was dismissed, the parties were not reconciled, but intended to live apart. Mrs. Freie claims the note was delivered to plaintiff for safe keeping only, and that she never re- linquished her right or title to the note, nor did she em- ploy plaintiff as her attorney to prosecute the criminal case against defendant.

In January, 1920, the parties to the divorce suit fin- ally became reconciled and lived together as husband and wife. As a result of the reconciliation she never cashed the check for, $1000. They considered the settle- ment heretofore made cancelled. The settlement agree- ment was never reduced to writing, but it was under- stood that Mrs. Freie would execute a release in writing of her interests in her husband's real estate.

The prayer of the motion for alimony *pendente lite* in part reads: ''That defendant be ordered to pay a fair attorney's fee for the preparation and trial of this suit.'' The order of the court as to suit money reads: ''And that he also forthwith pay to the plaintiff the sum of $550 as suit money, $500 of which is allowed as counsel fees and $50 of which is to be deposited to secure the costs herein.''

Such other facts as we deem important, if any, will later appear.

I. Defendant's first assignment of error relates to the refusal of the trial court to give the jury the instruc- tions in the nature of a demurrer to the evidence.

It appears that the note sued on was not indorsed by Mrs. Freie. The evidence, however, tends to show that Mrs. Freie gave it and plaintiff received it in pay-

ment of money loaned and money advanced for depositions, as well as for services rendered. It is the settled law in this State that a written assignment or indorsement is unnecessary to convey title to commercial paper or to enable the holder to sue thereon in his own name as the real party in interest. [Willard v. Moirs, 30 Mo. 142; Boeke v. Nuella, 28 Mo. 180; Lipscomb v. Talbott, 243 Mo. 1, l. c. 31, 147 S. W. 798; Bank v. Stam, 186 Mo. App. 439, l. c. 444, 171 S. W. 567.] It appears from the evidence that plaintiff became the owner of the note, of which defendant was the maker, and which he delivered to Mrs. Freie, his wife, in consideration of the dismissal by her of the divorce suit pending against him. The wife then became the owner of the note as much so as if it had been her individual property in the first instance. The consideration of the note, according to plaintiff's testimony, was not the release of the wife's marital rights in the property of the husband, but the dismissal of the divorce suit, which imported value, the note thereby becoming the wife's absolute property. [8 Corpus Juris, page 238, sec. 374; Rogers v. Merc. Ad. Pub. Co., 118 Mo. App. 1, 93 S. W. 328.] We do not consider Harrison v. Harrison, 201 Mo. App. 465, 211 S. W. 708, and Roberts v. Hardy, 89 Mo. App. 86, as based on the same or a similar state of facts, and therefore they are not in point. There the consideration was a release of marital rights in property, which failed when the parties became reconciled and cohabited. The instructions in the nature of a demurrer to the evidence were properly refused.

II. Defendant complains of the action of the court in refusing its instruction marked "A." The instruction reads to the effect that the record is wanting in evidence that Mrs. Freie was indebted to plaintiff for services rendered for her in the divorce suit. Defendant contends that there was no evidence of indebtedness in view of the $500 attorney fee allowed. It does not appear from the order of the court nor the motion *pendente lite* that the allowance of $500 as counsel fees contemplated that plaintiff's fees were to be limited to the allowance made. It would be an unfair construction of

the order and the motion to say that the fees were limited to the amount allowed by the court. Then, again, plaintiff's evidence shows that Mrs. Freie, after the services were rendered, recognized an indebtedness to plaintiff and construed the contract by giving him title to the note, and it may be implied, at least, that it was given in payment of services rendered in her behalf in the divorce suit. This was some evidence that Mrs. Freie was indebted to plaintiff on that account. The instruction was properly refused.

III. Defendant asked an instruction to the effect that, if the wife, in consideration of the note sued on and other property, agreed to release her marital rights in the remainder of defendant's property and dismiss the divorce action, and that defendant delivered to his wife the note sued on and dismissed the divorce suit; and that after the institution of this action defendant and his wife adjusted their differences and resumed marital relations and have since and do now live together as husband and wife, the jury were to find the issues for defendant. The court refused the instruction as asked and at the end thereof added the following, ''unless you further find and believe that it was the understanding between defendant and his wife that she should retain the money and property delivered to her by defendant without regard to a future reconciliation.'' The modified instruction then became the court's instruction and defendant may complain of it. [Old Bank of Stoutsville v. Jerry Curtis, etc. (handed down by this court April 1, 1924, but not yet reported).] Defendant asserts that the record is without evidence to support the modification. To this we do not agree. Plaintiff's evidence tends to show that the note was given the wife by defendant in consideration of her dismissal of the divorce suit. The record further shows that she did not consider a reconciliation until some time during the following January, but intended to live separate and apart from him. The note having been given in consideration of the dismissal of the divorce suit, without a further agreement on her

part to release her marital rights, as plaintiff's evidence shows, it may be inferred that Mrs. Freie took an unconditional title to the note. If so, and the jury so found, there was at least an implied understanding between defendant and his wife that she should retain the note without regard to future reconciliation and cohabitation. The modification was not error.

IV. The final complaint of defendant relates to instruction No. 5 given to the jury of the court's own motion. It is as follows:

"The court instructs the jury that the defendant admits the execution of the note made the basis of the suit, and the delivery of same to Lillie Freie, and the burden of proof is on the defendant to show by the preponderance of the evidence that the said note was placed in plaintiff's hands for safe-keeping only by Lillie Freie, and if the defendant failed so to prove then you must find against the defendant as to that defense."

The petition, after alleging that defendant executed the note and promised for value received to pay to Lillie Freie the sum of $1000, states: "Plaintiff states that the payee of said note, Lillie Freie, transferred to plaintiff for a good and valuable consideration before maturity, the said note." The answer relating thereto is as follows: "And for further answer to said petition defendant denies that said Lillie Freie ever at any time transferred or assigned said note to plaintiff, but, on the contrary, defendant says that said Lillie Freie delivered said note to plaintiff for safe-keeping only and that plaintiff owns no right, title or interest to said note or any part thereof and had no right to sue thereon." While the answer alleges that Mrs. Freie delivered said note to plaintiff for safe-keeping only, etc., it is in effect nothing more than an explanation of the denial that Mrs. Freie transferred or assigned said note to plaintiff. Taking this view of the answer, and considering the pleadings and the facts, we think the burden was upon the plaintiff to show that the note was transferred to him for a valuable consideration. As before stated, Mrs. Freie did not

indorse this note, and plaintiff alleges that it was transferred to him for value. Defendant denies this, and his evidence tends to show that the note was delivered to plaintiff for safe-keeping only, and that plaintiff had no right, title or interest in it.

While plaintiff's evidence shows that he was in possession of an unindorsed note and it was transferred to him for a valuable consideration, this did not relieve him of the burden of demonstrating that he was the owner of the note, inasmuch as both defendant's pleading and proof tended to contradict it. It is said in Wade v. Boone, 184 Mo. App. 88, 1. c. 96, 168 S. W. 360: "But it is well settled that where a promissory note is payable to the order of the person therein named, the possession of such note, by one other than the payee, where the same is unindorsed, is no evidence of the ownership in the holder." Again, it is said in Hair v. Edwards, 104 Mo. App. 213, 1. c. 217, 77 S. W. 1089: "The possession of an unindorsed note does not relieve the holder from the presumption that the note still belongs to the payee."

We do not consider Silverthorne v. Lumber Company, 190 Mo. App. 716, 176 S. W. 441, and Dawson v. Wombles, 123 Mo. App. 340, 100 S. W. 547, in conflict with what we have here said. In Dawson v. Wombles, supra, the court gave an instruction for defendant, which stated, in substance, that the burden was on plaintiff to prove the maker signed the note with full knowledge of the character of the instrument; that he delivered same, and that it was based on a valuable consideration. The execution of the note was not denied. The maker, to secure the note, executed and acknowledged a deed of trust, which the deed describes. The court held, from these facts, that a presumption arose that he knew the contents of the note when he made his mark to it; that possession carried with it the presumption that it was delivered; that the note was negotiable and its execution and delivery imported that it was given for a valuable consideration. The ruling in Silverthorne v. Lumber Company, supra, is based on Dawson v. Wombles, supra,

In those cases a presumption of valuable consideration between maker and payee obtained. In the instant case, absent the payee's indorsement, it will not be presumed that ownership follows possession, when the pleadings and proof make title an issue. We find no fault with the court's ruling in the two cases last mentioned, for they are not analogous to the case here. As before stated, plaintiff alleged that the note was transferred to him by Mrs. Freie for a valuable consideration. Defendant's answer denied it. We hold that the burden was on plaintiff to show that the note was transferred and assigned to him for a valuable consideration and that he became the owner thereof. The above instruction was prejudicial error.

The Commissioner recommends that the judgment be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and remanded. *Allen, J.,* and *Daues, J.,* concur; *Becker, J.,* absent.