Fannabel C. EMMONS, Glen Emmons, and James L. Emmons, Respondents,

v.

Jack WINTERS and Mary Winters, Appellants,

and

Area Realtors, Defendants.

No. WD 32026.

Missouri Court of Appeals, Western District.

Jan. 26, 1982.

John L. Pursley, Butler, for appellants; McNabb & Pursley, Butler, of counsel.

Thomas M. Campbell, Harrisonville, for respondents.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

This suit began in small claims court upon a claim of $500.00 of respondents against appellants, occasioned by the latter's breach of a real estate contract. The $500.00 was a deposit with Area Realtors, and the contract provided that if appellants, as buyers, defaulted, the deposit should be paid to respondents as liquidated damages. Appellants filed a counterclaim in two

counts, asking for specific performance of the real estate contract and for money damages.

The trial court found for respondents on their claim for $500.00 liquidated damages, and against appellants on their counterclaim. Area Realtors, as interpleader, deposited the $500.00 in the trial court and was allowed $50.00 as its fee for interpleading.

The contract, dated March 8, 1978, was for the sale of 70 acres of land for a total price of $56,935.00, payable $500.00 down, $14,935.00 cash at closing, and $41,900.00 "negotiable purchase money promissory note in a form approved by Seller to be amortized in equal monthly installments over a period of 15 years or until paid in full, bearing interest at the rate of 8% per annum simple interest and secured by a First Deed of Trust in a form approved by Seller * * *." The contract specified that it was to be closed May 1, 1978. One of the parties to the contract, Glen E. Emmons, as a seller, lived in Phoenix, Arizona, and it was mailed to him there, but it was not signed by him until April 9, 1978.

■ Appellants first claim that respondents were not entitled to the $500.00 deposit because they did not deliver the warranty deed to Area Realtors by May 1, 1978, the closing date, the contract providing that "Time is of the essence." One of the grantors in the deed, Glen T. Emmons, resided in Arizona. Quite apparently, the deed was not received by Area Realtors on that date, but appellants were informed of that fact and were willing to delay the closing past May 1st. The "time is of the essence" provision was thus waived, and was further waived by appellants' later tender of what they thought would amount to their performance below mentioned. Appellants, having knowledge of the delay, having the right to insist on the performance date, and being willing to delay it, must be held to have waived it. 91 C.J.S. Vendor and Purchaser § 104g, p. 1006; 17 Am.Jur.2d Con-

tracts, § 391, p. 835; *Rice v. Griffith*, 144 S.W.2d 837, 845[12–18] (Mo.App.1940) [rev'd, other grounds, 349 Mo. 373, 161 S.W.2d 220]; *Rayburn v. Atkinson*, 206 S.W.2d 512, 516 (Mo.1947); and note *Beck v. Strong*, 572 S.W.2d 484, 488 (Mo.App. 1978). The first subpoint to Point I, raising the issue, is overruled.

About the middle of May, 1978, respondents supplied appellants with a form of note, and a deed of trust containing a copy of the note, both of which had been prepared by respondents' counsel. The note form contained a provision for acceleration of payment of principal and interest upon default in the payment of installments when due, and a provision for waiver of presentment for payment, notice of non-payment, protest and notice of protest, and provided for collecting the note 10% of unpaid amounts as attorney fees. Mrs. Winters presented the forms to Mr. Winters, and he scratched out the two provisions, marked them "absolute no" and "NO DICE", initialed them and signed the forms. She did not sign them, but took them back to Area Realtors and presented them, as altered, along with a check which appellants had computed to be the balance of cash due on the contract. [These acts are, of course, further evidence of waiver of a timely deposit into escrow of respondents' deed.] The altered documents were not acceptable to respondents, and after some time of negotiation to resolve the matter through counsel for the parties, they filed suit to recover the $500.00 deposit as their liquidated damages.

■ By the second subpoint to Point I, appellants say that respondents' insistence upon inclusion of the 10% attorney fee provision as a condition precedent to their performance was not justified by the contract nor implied by law and constituted an anticipatory repudiation of the contract, preventing them from claiming damages. A *printed* portion of the contract (paragraph 5) provides for a deed of trust and note, signed by buyer, *containing usual provi-*

*sions.* The foregoing quoted provisions, as to the note and deed of trust, are *for a form approved by seller,* are typewritten upon the contract form. In such case, as a rule of construction, the typewritten language shall prevail over the printed provision, and as the two are in conflict (i.e., in "form approved by seller" vs. "containing usual provisions"), the printed provision may be disregarded. *Belt Seed Co. v. Mitchelhill Seed Co.,* 236 Mo.App. 142, 153 S.W.2d 106, 110[5, 6] (1941), and cases and authority cited. See also *National Heater Co., Inc. v. Corrigan Co. Mechanical Contractors, Inc.,* 482 F.2d 87 (8th Cir. 1973); and *Green v. Cooke Sales and Service,* 284 S.W.2d 880 (Mo.App.1955). The inquiry thus reduces to the validity of the provision for the note and deed of trust to be in a form approved by sellers, and the legality and reasonableness of the 10% attorney fee provision. First, appellants signed the real estate contract containing the clause that the security instruments be in form approved by sellers, and ostensibly agreeing to it. The most salient reason for respondents to insert and insist upon the clause is that if appellants defaulted in payment, an act under their sole control, respondents would not have to reduce any balance due them by their own payment of attorney fees to collect the debt. It was competent, as a matter of contract, for respondents to include the attorney fee provision. Provisions for attorney fees in a note or mortgage are valid in this state. *Citizens Bank of Windsor v. Landers,* 570 S.W.2d 756, 764[5–7] (Mo.App. 1978). "[T]he majority of cases support the proposition that a stipulation for a specified percent as attorney's fee in a note or other evidence of indebtedness is a valid and enforceable agreement." Anno. 17 A.L.R.2d 291, ¶ 2, § 2. Each of these cases in Missouri have approved 10% provisions: *Bank of Neelyville v. Lee,* 182 Mo.App. 185, 168 S.W. 796 (1914); *Gate City National Bank v. Strother,* 196 S.W. 447 (Mo.App.1917); and *American Savings Bank v. Sutton,* 204 S.W. 572 (Mo.App.1918). Besides, where there is a 10% attorney's fee provision in a note, its holder is entitled to judgment for that amount without proof that it is reasonable, absent a pleading that it is unreasonable. *American Savings Bank, supra,* at page 573. See also *First Nat. Bank v. Stam,* 186 Mo.App. 439, 171 S.W. 567, 568 (1914). The matter of reasonableness of a provision for a 10% attorney fee could only be challenged when the fee was requested, by appropriate pleading, and the issue would be then considered in the light of evidence of the attorney's services, time spent, the difficulty of the case, and its outcome. On its face here, the 10% provision cannot be said to be unreasonable at this point in time.

■ Appellants cite *Cohen v. Crumpacker,* 586 S.W.2d 370 (Mo.App.1979), apparently for the contention that a provision for a seller to approve a security form is not an essential part of the contract. That case does not aid them because there the seller became incompetent after the contract was made and the security form was never approved. The court held merely and correctly that the approval of the deed of trust was not a condition but was a routine element commonly attaching to the closing of any sale of real estate in which a loan balance is secured by a purchase money interest in the land, and the lack of approval did not prevent a result of a valid contract of sale. Here, there was an approval of the forms of respondents and a tender thereof to appellants, who rejected it, thus impairing their own performance.

■ Appellants have, by reason of their own lack of performance by giving a note and deed of trust in form approved by respondents, presented no valid defense to the latter's action for damages. For the same reason—lack of their own performance—they have failed to prove any basis for specific performance of the contract, nor have they shown any right to damages arising out of that contract by reason of respondents' alleged trespasses on the land, or its use, as asserted in Count III of the

counterclaim, because they acquired no rights in the land.

The judgment is affirmed.

All concur.